**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COMMERCIAL STREET EXPRESS LLC, NICOLE VANDER MUELEN, SHASTA BURZYNSKI, and KATHLEEN COULLARD,<br><br>                            Plaintiffs,<br><br>       v.<br><br>SARA LEE CORPORATION, COLGATE-PALMOLIVE COMPANY, HENKEL CHEMIE VERWALTUNGSGESELLSCHAFT MBH, HENKEL CORP., UNILEVER N.V., UNILEVER PLC, and UNILEVER UNITED STATES INC.,<br><br>                            Defendants. | Case No. 08 C 1179<br><br>Honorable Virginia M. Kendall |

**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO MODIFY BRIEFING SCHEDULE**

Defendant Unilever United States, Inc. ("Unilever US") respectfully submits this memorandum in opposition to Plaintiffs' motion ("Mot.") to modify the briefing schedule set by the Court on Unilever US's motion to dismiss the Amended Class Action Complaint ("Complaint" or "Cpl.").

The Court should deny Plaintiffs' motion and adhere to the schedule already set, in which Plaintiffs' opposition is due April 10, 2008 and Unilever US's reply is due April 17, 2008. Without asking Unilever US to agree to an extended briefing schedule, Plaintiffs instead ask the Court to reconsider its previous minute entry and grant an extended time period to be set by the Court on May 6, 2008 — six weeks away (which actually would give Plaintiffs at least 10 weeks, if not more, to respond to Unilever US's motion). Yet there is no legitimate basis in Plaintiffs' motion for changing the briefing schedule set by the Court and judicial efficiency will not be served thereby. The other defendants' extensions of the deadline to respond to the

Complaint were approved by the Court before the Court set the schedule now in place for Unilever US's motion. To the extent they file motions to dismiss that are "duplicative" of Unilever US's motion (Mot. ¶ 6), judicial efficiency counsels deciding Unilever US's motion now to dispose of the overlapping issues. Moreover, to the extent other defendants' motions differ from Unilever US's motion, there is no reason to coordinate briefing.

Plaintiffs state that they are attempting to serve foreign Unilever entities pursuant to the Hague Convention (Mot. ¶ 3), but any such service would change nothing. As noted in Unilever US's memorandum in support of its motion to dismiss, the Complaint relies solely on a decision of the German Federal Cartel Office ("FCO") that does not implicate any entity, foreign or domestic, named as a defendant here. Memorandum in Support of Motion to Dismiss by Unilever United States, Inc. at 1. Service upon any additional defendant, if it occurs, will not affect the Court's analysis of Unilever US's motion. The Complaint is dismissible on its face as to all three Unilever entities named therein for the reasons Unilever US has already cited, namely Plaintiffs' failure to state a claim; the Court's lack of subject matter jurisdiction; the inability of Count I to support a claim of damages; and Plaintiffs' lack of standing to pursue most of their state law claims.

Plaintiffs assert in their motion that the Complaint relies on the French Competition Council ("FCO") record "which described the nature, methodology of implementing and monitoring the conspiracy" in addition to the FCO decision. Mot. ¶ 1-2. The Complaint does no such thing. It quotes in full one news article that primarily describes the FCO decision and devotes two sentences to the French agency's action, without describing the substance of the matter or naming most of the defendants involved. Cpl. ¶ 26. The news article the Complaint quotes correctly reports that the French agency fined marketers of "fragrance brands," but the

2

Complaint's allegedly price-fixed products do not include such brands, and the companies named as being involved in price-fixing agreements do not include any defendant here, let alone a "conspiracy" that would link the German and French companies. Cpl. ¶¶ 18, 26. Indeed, the Decision of the French Competition Council exonerated Unilever France from any such conduct.

In short, there is nothing in the Complaint or Plaintiffs' motion that warrants reconsidering the Court's briefing schedule, and the Court should deny Plaintiffs' motion and adhere to the schedule already set.

Dated: March 28, 2008

Respectfully submitted,

By: __/s/ Britt M. Miller_____

Ronald S. Rolfe
Elizabeth L. Grayer
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
(212) 474-3700 – fax

Sheila Finnegan
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 – fax

*Attorneys for Unilever United States, Inc.*

**CERTIFICATE OF SERVICE**

      I, Britt M. Miller, an attorney, hereby certify that on March 28, 2008, I caused a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY BRIEFING SCHEDULE**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court' s CM/ECF System.

      /s/ Britt M. Miller_____
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois  60606
Phone:  (312) 782-0600
Fax:  (312) 701-7711
E-mail:  bmiller@mayerbrown.com