**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COMMERCIAL STREET EXPRESS LLC, NICOLE VANDER MUELEN, SHASTA BURZYNSKI, and KATHLEEN COULLARD on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 C 1179 |
| SARA LEE CORPORATION, COLGATE-PALMOLIVE COMPANY, HENKEL CHEMIE VERWALTUNGSGESELLSCHAFT MBH, HENKEL CORP., UNILEVER N.V., UNILEVER PLC, and UNILEVER UNITED STATES INC., | ) ) ) ) ) ) ) ) | Honorable Virginia M. Kendall |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**SARA LEE CORPORATION'S MOTION TO DISMISS**

Craig C. Martin
John F. Kinney
Eric A. Sacks
Sarah E. Crane
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
(312) 222-9350

Dated:   May 1, 2008

## TABLE OF CONTENTS

Page

INTRODUCTION ......................................................................................................... 1

THE AMENDED COMPLAINT ................................................................................... 2

ARGUMENT ................................................................................................................. 3

I.      Plaintiffs' Amended Complaint Should Be Dismissed for Failure to Comply With
        Rule 8(a) .......................................................................................................... 3

II.     Plaintiffs' Amended Complaint Should Be Dismissed for Lack of Subject Matter
        Jurisdiction Under Rule 12(b)(1) ..................................................................... 6

III.    Plaintiffs' Amended Complaint Should Be Dismissed for Failure to State a Claim
        Under Rule 12(b)(6) ......................................................................................... 8

        A.      Plaintiffs Fail to State a Claim under the United States Antitrust Laws ................. 8

                1.      Plaintiffs Do Not Allege a "Contract, Combination, or
                        Conspiracy" ........................................................................................ 8

                2.      Plaintiffs Do Not Allege an Antitrust Injury in a Plausible
                        Market ............................................................................................... 11

                3.      Plaintiffs Do Not Allege a Plausible Theory of Recovery ...................... 12

        B.      Plaintiffs' State Law Claims (Counts II, III, & IV) Also Should Be
                Dismissed ............................................................................................................. 13

CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Lifeline Services, Inc. v. Northern Health Facilities, Inc.,*
No. Civ. A. 97-3757, 1997 WL 763024 (E.D. Pa. Dec. 9, 1997) ..............................................9

*Air Plus Ltd. v. Transp. Distribution Servs., Inc.,*
No. 04 C 3806, 2004 WL 2359256 (N.D. Ill. Oct. 19, 2004) ..............................................3, 4

*American Copper & Brass, Inc. v. Halcor S.A.,*
494 F. Supp. 2d 873 (W.D. Tenn. 2007)..............................................10

*Area Transp., Inc. v. Ettinger,*
219 F.3d 671 (7th Cir. 2000) ..............................................13

*Arista Records LLC v. Lime Group LLC,*
532 F. Supp. 2d 556 (S.D.N.Y. 2007)..............................................9

*ASA Accugrade, Inc. v. American Numismatic Ass'n,*
370 F. Supp. 2d 213 (D.D.C. 2005) ..............................................9

*Associated Banc-Corp. v. John H. Harland Co.,*
No. 06-C-1097, 2007 WL 128337 (E.D. Wis. Jan. 11, 2007) ..............................................14

*Atlantic Richfield Co. v. USA Petroleum Co.,*
495 U.S. 328 (1990)..............................................11

*Bell Atlantic Corp. v. Twombly,*
___ U.S. ___, 127 S. Ct. 1955 (2007)..............................................4, 8, 9, 11

*Burton v. William Beaumont Hospital,*
373 F. Supp. 2d 707 (E.D. Mich. 2005)..............................................14

*Car Carriers, Inc. v. Ford Motor Co.,*
745 F.2d 1101 (7th Cir. 1984) ..............................................8

*Chapman v. New York State Division for Youth,*
No. 1:04-CV-867, 2005 WL 2407548 (N.D.N.Y. Sept. 29, 2005)..............................................11

*Commer v. Dist. Council 37, Local 375,*
990 F. Supp. 311 (S.D.N.Y. 1998) ..............................................4

*Cupp v. Alberto-Culver USA, Inc.,*
310 F. Supp. 2d 963 (W.D. Tenn. 2004)..............................................11

*DeJohn v. The .TV Corp. Int'l,*
245 F. Supp. 2d 913 (N.D. Ill. 2003) ..............................................5

*DM Research, Inc. v. College of American Pathologists,*
  170 F.3d 53 (1st Cir. 1999)..................................................................................6, 8

*Eurim-Pharm GmbH v. Pfizer Inc.,*
  593 F. Supp. 1102, (S.D.N.Y. 1984)....................................................................7, 8

*F. Hoffmann-La Roche Ltd. v. Empagran S.A.,*
  542 U.S. 155 (2004)..................................................................................................7

*Floors-N-More, Inc. v. Freight Liquidators,*
  142 F. Supp. 2d 496 (S.D.N.Y. 2001)......................................................................9

*FTC v. Mylan Labs. Inc.,*
  62 F. Supp. 2d 25 (D.D.C. 1999) ..........................................................................14

*Hall v. Am. Airlines, Inc.,*
  118 Fed. Appx. 680 (4th Cir. 2004) .......................................................................10

*Hall v. United Air Lines, Inc.,*
  296 F. Supp. 2d 652 (E.D.N.C. 2003) ...................................................................10

*Hartford Fire Ins. Co. v. California,*
  509 U.S. 764 (1993)..................................................................................................6

*Illinois Brick Co. v. Illinois,*
  431 U.S. 720 (1977)...........................................................................................12, 14

*In re ACR Copper Tubing Litigation,*
  No. 06-2207-D/P, slip op (W.D. Tenn. July 26, 2007)..........................................10

*In re Baby Food Antitrust Litigation,*
  166 F.3d 112 (3d Cir. 1999).....................................................................................7

*In re Bath and Kitchen Fixtures Antitrust Litigation,*
  No. 05-cv-00510 MAM, 2006 WL 2038605 (E.D. Pa. July 19, 2006) ...................9

*In re Elevator Antitrust Litigation,*
  502 F.3d 47 (2d Cir. 2007)........................................................................10, 11, 12

*In re Graphics Processing Units Antitrust Litigation,*
  527 F. Supp. 2d 1011 (N.D. Cal. 2007) ...................................................................9

*In re Intel Corp. Microprocessor Antitrust Litigation,*
  476 F. Supp. 2d 452 (D. Del. 2007)..........................................................................8

*In re Late Fee and Over-Limit Fee Litigation,*
  528 F. Supp. 2d 953 (N.D. Cal. 2007) .....................................................................9

*In re New Motor Vehicles Canadian Export Antitrust Litigation,*
    Nos. 07-2257, 07-2258, 07-2259, 2008 WL 820922 (1st Cir. March 28, 2008) ..................13

*In re Parcel Tanker Shipping Services Antitrust Litigation,*
    No. 3:04cv1687(AVC), 2008 WL 899228 (D. Conn. March 12, 2008) ............................8, 9

*In re Terazosin Hydrochloride Antitrust Litigation,*
    160 F. Supp. 2d 1365 (S.D. Fla. 2001) .................................................................14

*In re Travel Agent Commission Antitrust Litigation,*
    No. 1:03 CV 30000, 2007 WL 3171675 (N.D. Ohio Oct. 29, 2007).......................10

*Kendall v. Visa U.S.A., Inc.,*
    518 F.3d 1042 (9th Cir. 2008) ...............................................................................9

*Kuhl v. Guitar Center Stores, Inc.,*
    No. 07 C 214, 2008 WL 656049 (N.D. Ill. March 5, 2008) ...................................14

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,*
    507 U.S. 163 (1993)................................................................................................4

*Limestone Development Corp. v. Village of Lemont,*
    No. 07-1438, 2008 WL 852586 (7th Cir. April 1, 2008)......................................4, 6

*MCM Partners, Inc. v. Andrews-Bartlett & Associates, Inc.,*
    161 F.3d 443 (7th Cir. 1998) .................................................................................8

*McNutt v. Gen. Motors Acceptance Corp. of Indiana,*
    298 U.S. 178 (1936)...............................................................................................4

*Mid-West Paper Prods. Co. v. Cont'l Group, Inc.,*
    596 F.2d 573 (3d Cir. 1979)..................................................................................12

*Muzikowski v. Paramount Pictures Corp.,*
    322 F.3d 918 (7th Cir. 2003) ...............................................................................13

*Payton v. County of Kane,*
    308 F.3d 673 (7th Cir. 2002) ...............................................................................14

*Person v. Google, Inc.,*
    No. C 06-7297 JF (RS), 2007 WL 832941 (N.D. Cal. March 16, 2007)................11

*Plotkin v. Ryan,*
    239 F.3d 882 (7th Cir. 2001) ...............................................................................13

*Potter v. Clark,*
    497 F.2d 1206 (7th Cir. 1974) ...............................................................................8

*Prado-Steiman v. Bush,*
    221 F.3d 1266 (11th Cir. 2000) ................................................................13

*Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.,*
    799 F. Supp. 840 (N.D. Ill. 1990) .............................................................7

*Schultz v. American Family Mut. Ins. Co.,*
    No. 04 C 5512, 2005 WL 5909003 (N.D. Ill. Nov. 1, 2005) ...........................13, 14

*Turicentro, S.A. v. American Airlines Inc.,*
    303 F.3d 293 (3d Cir. 2002)...................................................................6

*United National Records, Inc. v. MCA, Inc.,*
    616 F. Supp. 1429 (N.D. Ill. 1985) ..........................................................5

*United Phosphorus, Ltd. v. Angus Chem. Co.,*
    322 F.3d 942 (7th Cir. 2003) .................................................................7

*United States v. Bestfoods,*
    524 U.S. 51 (1998)..............................................................................5

*Zenith Radio Corp. v. Hazeltine Research, Inc.,*
    395 U.S. 100 (1969)...........................................................................12


**STATUTES**

15 U.S.C. § 1 .....................................................................................3, 6, 8

15 U.S.C. § 6(a) .........................................................................................6

15 U.S.C. § 26 ..........................................................................................12


**OTHER AUTHORITIES**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
    § 1204 (3d ed. 2008) ........................................................................13

5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
    § 1350 (3d ed. 2008) ..........................................................................4

Fed. R. Civ. P. 8 .....................................................................................1, 3

Fed. R. Civ. P. 8(a)(1).............................................................................3, 5

Fed. R. Civ. P. 8(a)(2).......................................................................3, 4, 5, 8

Fed. R. Civ. P. 12(b)(1)................................................................................1, 3, 6

Fed. R. Civ. P. 12(b)(6)................................................................................1, 4, 8

Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* § 1421a (3d ed. 2008).........................10

Sara Lee Corporation submits this memorandum in support of its motion to dismiss the Amended Complaint with prejudice under Rules 8(a), 12(b)(1), and 12(b)(6).

## INTRODUCTION

On February 19, 2008, the German Federal Cartel Office (FCO) issued three separate orders imposing fines on German companies, including Sara Lee Deutschland GmbH's Household & Body Care Branch ("SL Deutschland"), for conduct that took place exclusively in Germany and involved specific brands of three separate and unrelated products: toothpaste (Signal, Dentagard, and Colgate brands), shower gel (Duschdas and Palmolive brands), and dishwashing liquid (Pril and Palmolive brands). Of the products subject to the FCO orders, only a single product, the Duschdas brand shower gel, was sold by SL Deutschland and sold only in Germany.

Based on the FCO orders and associated press reports, Plaintiffs filed this putative antitrust class action, in which Plaintiffs leap "across the ocean" from very specific German issues to naked, conclusory allegations of a price fixing conspiracy for oral, personal, and home care products in the United States. In short, Plaintiffs are asking the Court to sustain a complaint that is totally bereft of any factual support for the inferential leap from conduct in Germany by a "unit" of Sara Lee Corporation (i.e., SL Deutschland) limited to the Duschdas brand of shower gel not sold in the United States, to another, vastly broader conspiracy involving different participants (including Sara Lee Corporation), in another country (The United States), and a vast array of products (all "oral, personal and home care" products). Under well settled principles of law, the Amended Complaint should be dismissed for failure to comply with the pleading requirements of Rule 8, for lack of subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6).

1

## THE AMENDED COMPLAINT

The basic background facts are set forth in Unilever's motion to dismiss and are not repeated here.  Following are the allegations that bear on Sara Lee Corporation's motion.

Plaintiffs make their only substantive allegations in paragraphs 25 through 30 of the Amended Complaint.  Specifically, they allege that the German FCO fined "units" of Sara Lee Corporation, Unilever, and Henkel KGaA "for price-fixing and illegally passing on information on price talks with retailers."  (Am. Compl. ¶¶ 25, 26.)  The subject products were dishwashing liquid, shower gel, and toothpaste (*id.* ¶ 26), specifically, "Pril and Palmolive dish detergents, Fa, Duschdas and Palmolive shower gels and Signal, Dentagard and Colgate toothpaste brands."  (*Id.* ¶ 25.)  The companies were said to have "exchanged information about ongoing price talks with retailers" to combat attempts by retailers to "prevent the price hikes," the Defendants allegedly keeping one another "informed about their actions and the moves made by retailers."  (*Id.* ¶¶ 25, 26.)  Colgate-Palmolive "spilled the beans to the German competition authorities" and "will likely not be fined."  (*Id.* ¶¶ 26, 28.)  Henkel allegedly said that it accepted its fine, stating "We made mistakes."  (*Id.* ¶ 27.)

Based on those "facts," *all* of which involve German-only conduct, three distinct German agreements, and a single product sold by SL Deutschland only in Germany, Plaintiffs ignore the principle that evidence of a Germany-only conspiracy does not support a claim of another broader conspiracy, to make the bald assertion that "Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices of oral, personal and home care products in the United States . . . ."  (Am. Compl. ¶ 35.)

Plaintiffs allege little specific to Sara Lee Corporation.  Plaintiffs identify it as a Defendant and state that its headquarters are located in this District. (Am. Comp. ¶¶ 6, 11.)

Plaintiffs do not allege substantively Sara Lee Corporation's participation in any wrongdoing regarding products sold in the United States.  In particular, they (1) do not allege that Sara Lee Corporation sold Duschdas or any other shower gel product in the United States; (2) do not allege that Sara Lee Corporation sold any other oral, personal or home care products in the United States; (3) do not allege any meeting, discussion, or other communication by any Sara Lee Corporation employee as part of any supposed understanding or agreement to fix prices of any product sold in the United States; (4) do not allege any act that any Sara Lee Corporation employee took in furtherance of any agreement to fix prices of any product sold in the United States; (5) do not allege any supposedly collusive price increase -- including the date and amount of the increase -- for any product Sara Lee Corporation sold in the United States; and (6) do not allege any of the named Plaintiffs purchased any Sara Lee Corporation product.

Despite the lack of underlying facts, Plaintiffs assert four claims:  a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, (Count I); violation of multiple state antitrust and unfair competition laws (Count II); violation of state consumer protection statutes (Count III); and an assertion of unjust enrichment (Count IV).

## ARGUMENT

**I.     Plaintiffs' Amended Complaint Should Be Dismissed for Failure to Comply With Rule 8(a).**

Rule 8 requires that a pleading contain (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1), (2).  Plaintiffs satisfy neither of those requirements.

To satisfy Rule 8(a)(1) and avoid dismissal under Rule 12(b)(1), a complaint must contain sufficient facts from which subject matter jurisdiction may be determined.  *See Air Plus*

*Ltd. v. Transp. Distribution Servs., Inc.*, No. 04 C 3806, 2004 WL 2359256, at *1 (N.D. Ill. Oct. 19, 2004); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1350 (3d ed. 2008). The party invoking federal jurisdiction must allege facts essential to show jurisdiction and support those facts with competent proof. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Commer v. Dist. Council 37, Local 375*, 990 F. Supp. 311, 316 (S.D.N.Y. 1998).

Likewise, to state a claim under Rule 8(a)(2) and avoid dismissal under Rule 12(b)(6), a plaintiff must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). A complaint is insufficient if it fails to provide notice of a "plausible" claim. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965-66 (2007). To state a "plausible" claim, a complaint must always allege "enough facts to state a claim to relief that is plausible on its face" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See id*. at 1964-65, 1974.

The level of detail necessary to state a claim depends on the relative complexity of the case and the related scope of discovery. The Seventh Circuit has recently explained that "[i]n a complex antitrust or RICO case a fuller set of factual allegations than found in the sample complaints in the civil rules' Appendix of Forms may be necessary to show that the plaintiff's claim is not 'largely groundless.'" *Limestone Development Corp. v. Village of Lemont*, No. 07-1438, 2008 WL 852586, at *5 (7th Cir. April 1, 2008) (citation omitted). "If discovery is likely to be more than usually costly, the complaint must include as much factual detail and arguments as may be required to show that the plaintiff has a plausible claim." *Id.* Accordingly, the more complex and costly the case, the more detail required to state a claim.

Here, despite the massive cost that this litigation would impose if it proceeded, as discovery would logically proceed in Germany about agreements made in and products sold in Germany, Plaintiffs have alleged none of the detail needed to proceed against Sara Lee Corporation under Rule 8(a)(1) or Rule 8(a)(2). Indeed, the Amended Complaint's only substantive reference to conduct by Sara Lee Corporation is a financial trade press article stating that the German FCO fined a "unit" of Sara Lee Corporation, (*i.e.*, SL Deutschland), not Sara Lee Corporation itself. (Am. Comp. ¶ 25.) Sara Lee Corporation did not sell *any* of the products specified by the FCO, nor did Sara Lee Corporation or SL Deutschland sell any of those products in the United States.[1]

Moreover, the Amended Complaint provides none of the "who, did what, to whom, with whom, when and where" details that are essential both to establish jurisdiction under Rule 8(a)(1) and to state a claim under Rule 8(a)(2). For example, Plaintiffs provide no details regarding:

- When a conspiracy was formed to raise prices for oral, personal or home care products sold in the United States;

- Who at Sara Lee Corporation (or any other defendant) agreed with anyone else to fix prices for products sold in the United States;

- When and where any conspiratorial meetings or discussions took place and who from Sara Lee Corporation participated in each;

- Acts by Sara Lee Corporation employees in furtherance of the alleged agreement to fix prices for products sold in the United States; or

- Particular price increases for specific Sara Lee Corporation products sold in the United States that were implemented as part of the conspiracy.

---

[1] As the corporate parent, Sara Lee Corporation is not liable for the acts of SL Deutschland. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913, 925 (N.D. Ill. 2003); *United National Records, Inc. v. MCA, Inc.*, 616 F. Supp. 1429, 1431-33 (N.D. Ill. 1985). This is another reason the claims against Sara Lee Corporation should be dismissed.

Plaintiffs compound those failings by lumping together all Defendants and all agreements in *Germany*, with no allegations of specific acts by any Defendant -- and especially not Sara Lee Corporation -- to form, implement, operate, or enforce a conspiracy to fix prices of specific products and brands sold in the *United States*.

Having brought what would be a very complex and costly case based purely on conjecture and without any of the detail necessary to establish jurisdiction or advise Defendants of what they supposedly did wrong in the United States, Plaintiffs' Amended Complaint should be dismissed now, before Defendants are forced to bear further unnecessary costs. A plaintiff is not entitled to seek to cure its pleading deficiencies through discovery, which "is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations." *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999). This principle is particularly important in complex cases, like this one, where the mere filing of a lawsuit may have an "in terrorem" effect on the defendant. *Limestone Development Corp.*, 2008 WL 852586, at *5.

## II.    Plaintiffs' Amended Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1).

Subject matter jurisdiction here is predicated on a purported violation of Section 1 of the Sherman Act, which applies only to "foreign conduct that was meant to produce and did in fact produce some substantial effect in the United States." *Turicentro, S.A. v. American Airlines Inc.*, 303 F.3d 293, 305 (3d Cir. 2002) (quoting *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 796 (1993)). The Foreign Trade Antitrust Improvements Act ("FTAIA"), 15 U.S.C. § 6(a), expressly bars federal subject matter jurisdiction for a Sherman Act claim involving foreign commerce unless the conduct at issue has "a direct, substantial, and reasonably foreseeable effect" on United States commerce, the domestic effect of which is the basis for any claim in the

United States. *F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 162 (2004); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 945-52 (7th Cir. 2003).

Plaintiffs do not allege any facts concerning conduct by Sara Lee Corporation (or any other Defendant) that was intended to have -- and did have -- a direct and substantial effect on United States commerce.  Plaintiffs allege only that SL Deutschland participated in an agreement to increase the price of Duschdas shower gel sold in Germany in 2006.  There is no allegation that Sara Lee Corporation sells (or sold) Duschdas shower gel in the United States.  And, there are no factual allegations that any Defendant agreed in Germany (or anywhere else for that matter) to restrict competition in the United States.  There are no allegations of conduct "meant to" produce a substantial effect in the United States.  And, there are no *factual* allegations that there was any actual effect on U.S. commerce -- no alleged artificially high prices, for example.

At most, Plaintiffs assert generally that Sara Lee Corporation profited as a result of the conduct of SL Deutschland in Germany.  (Am. Comp. ¶ 29.)  That allegation fails.  Being profitable is lawful conduct.  Profit is a legitimate motive and something more is required before a court can conclude that competitors conspired to fix pricing in violation of the Sherman Act. *In re Baby Food Antitrust Litigation*, 166 F.3d 112, 134-35 (3d Cir. 1999).  The existence even of large profit margins is not by itself probative of collusion.  *Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.*, 799 F. Supp. 840, 844 (N.D. Ill. 1990).

Indeed, if Plaintiffs' profitability allegation were sufficient to satisfy the "substantial and intended effects" test, the test would be meaningless.  Federal courts would always have jurisdiction for any anticompetitive conduct by any U.S. company -- or its affiliates -- that occurs overseas.  That has never been the law.  *Eurim-Pharm GmbH v. Pfizer Inc.* is instructive.  593 F. Supp. 1102, 1104, 1106-07 (S.D.N.Y. 1984).  There, plaintiffs, who alleged a worldwide conspiracy, did not allege any facts demonstrating a causal connection between defendants'

conduct in Europe and a U.S. price increase. *Id.* at 1106-07. The court therefore held there was no subject matter jurisdiction over plaintiff's claim. *Id.*

The same principles also bar jurisdiction over plaintiffs' state law claims. Indeed, Congress's intent would be "subverted if state antitrust laws were interpreted to reach conduct which the federal law could not." *See In re Intel Corp. Microprocessor Antitrust Litigation*, 476 F. Supp. 2d 452, 457 (D. Del. 2007).

### III.     Plaintiffs' Amended Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6).

#### A.     Plaintiffs Fail to State a Claim under the United States Antitrust Laws.

Plaintiffs assert a claim for alleged violations of Section 1 of the Sherman Act (Count I). To state a claim under Section 1 of the Sherman Act, a plaintiff must allege facts that show "(1) a contract, combination or conspiracy; (2) a resultant unreasonable restraint of trade in the relevant market; and (3) an accompanying injury." *MCM Partners, Inc. v. Andrews-Bartlett & Associates, Inc.*, 161 F.3d 443, 448 (7th Cir. 1998).

#### 1.     Plaintiffs Do Not Allege a "Contract, Combination, or Conspiracy."

Where a plaintiff alleges an agreement among competitors to fix prices, often called a "horizontal agreement," the plaintiff must allege "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 127 S. Ct. at 1965. Merely alleging a bare legal conclusion such as "conspiracy" is not sufficient. *Id.*; *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984); *DM Research, Inc.*, 170 F.3d at 56.

Plaintiffs do not meet the pleading requirements of Rules 8(a)(2) and 12(b)(6). A complaint cannot survive a motion to dismiss when it "alleges no specific act or conduct on the part of the defendant." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also In re Parcel Tanker Shipping Services Antitrust Litigation*, No. 3:04cv1687(AVC), 2008 WL 899228,

at *4 (D. Conn. March 12, 2008) (dismissing price-fixing and bid-rigging complaint, noting that "in this case, the complaint alleges general conspiratorial activity without reference to specific actions by a particular defendant at a particular time."). And to give "fair notice" of a conspiracy claim, a plaintiff must answer the basic questions: "who, did what, to whom (or with whom), where, and when?" *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). A complaint that fails to allege facts including a "specific time, place, or person involved in the alleged conspiracies" should be dismissed. *See Twombly*, 127 S. Ct. at 1970 n.10.[2]

Here, as noted above (see pp. 3, 5-6), there are no allegations of wrongdoing by Sara Lee Corporation and no allegations of the specifics of the purported conspiracy. Having failed to allege any specific wrongdoing relating to the United States by Sara Lee Corporation, SL Deutschland, or any other entity, the Amended Complaint must be dismissed.

Plaintiffs attempt to avoid dismissal by simply assuming, with no factual support, that the three distinct alleged conspiracies concerning three distinct products in Germany are actually part of an overarching unitary conspiracy to fix prices in the United States for more than a dozen breath-takingly broad "oral, personal and home care" product categories. (Am. Comp. ¶ 18.)

---

[2] Federal courts have consistently applied this pleading requirement to antitrust conspiracy complaints both before and after *Twombly*. *See, e.g., In re Late Fee and Over-Limit Fee Litigation*, 528 F. Supp. 2d 953, 961-63 (N.D. Cal. 2007) (dismissing conspiracy complaint that failed to allege when, where, or by whom the claimed agreement was reached); *Arista Records LLC v. Lime Group LLC*, 532 F. Supp. 2d 556, 577 (S.D.N.Y. 2007) (dismissing conspiracy complaint that failed to allege specifics); *In re Graphics Processing Units Antitrust Litigation*, 527 F. Supp. 2d 1011, 1021, 1024 (N.D. Cal. 2007) (dismissing conspiracy complaint that failed to identify employees involved or details of the alleged agreement); *In re Bath and Kitchen Fixtures Antitrust Litigation*, No. 05-cv-00510 MAM, 2006 WL 2038605, at *8 (E.D. Pa. July 19, 2006) (dismissing conspiracy complaint that failed to allege specifics); *ASA Accugrade, Inc. v. American Numismatic Ass'n*, 370 F. Supp. 2d 213, 216 (D.D.C. 2005) ("single bald, conclusory allegation" of agreement insufficient to avoid dismissal); *Floors-N-More, Inc. v. Freight Liquidators*, 142 F. Supp. 2d 496, 501 (S.D.N.Y. 2001) (allegation that defendants were "acting in concert" was "utterly conclusory," and dismissing complaint because "plaintiff must do more than allege the existence of a conspiracy-it must allege some facts in support of the claim"); *Advanced Lifeline Services, Inc. v. Northern Health Facilities, Inc.*, No. A. 97-3757, 1997 WL 763024, at *8 (E.D. Pa. Dec. 9, 1997) (dismissing allegations that were merely conclusory and that failed to "plead facts constituting a conspiracy, its object or its accomplishment.").

But the Amended Complaint provides no factual support for that huge inference and therefore fails as a matter of law. Evidence of one conspiracy, whether foreign or domestic, standing alone does not support a claim of another conspiracy. *See In re Travel Agent Commission Antitrust Litigation*, No. 1:03 CV 30000, 2007 WL 3171675, at *9, 11-12 (N.D. Ohio Oct. 29, 2007) (opportunity and past instances of collusion did not support an allegation of conspiracy); *Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 662-63 (E.D.N.C. 2003) (evidence of past instances of collusion could not support plaintiffs' allegations of illegal conspiracy), *aff'd per curiam, Hall v. Am. Airlines, Inc.*, 118 Fed. Appx. 680, 683 (4th Cir. 2004); Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 1421a, at 146 (3d ed. 2008) ("Illegal behavior elsewhere in time or place does not generally allow the inference of an immediate conspiracy.").

The rules that bar the piggybacking of conspiracies that Plaintiffs attempt here are particularly apt where a plaintiff relies on conduct that occurred entirely outside the United States as the sole basis to allege a conspiracy affecting the United States. Without factual allegations that link foreign transactions to transactions and effects in the United States, a complaint is not "plausible" and must fail as a matter of law. *In re Elevator Antitrust Litigation*, 502 F.3d 47, 52 (2d Cir. 2007); *see also In re ACR Copper Tubing Litigation*, No. 06-2207-D/P, slip op at 10-11 (W.D. Tenn. July 26, 2007) (Attached as Exhibit A.); *cf. American Copper & Brass, Inc. v. Halcor S.A.*, 494 F. Supp. 2d 873, 876-77 (W.D. Tenn. 2007). For example, in *In re Elevator Antitrust Litigation*, the purported factual support for an alleged broad conspiracy in the United States was "defendants' apparent anticompetitive misconduct in Europe" which led the European Commission to levy fines against defendant-elevator manufacturers and their affiliates for violations that occurred exclusively in Europe. *Id.* at 51. The Second Circuit affirmed dismissal of the complaint stating: "Without an adequate allegation of fact linking transactions in Europe to transactional effects here, plaintiffs' conclusory allegations do not

'nudge [their] claims across the line from conceivable to plausible.'" 502 F.3d at 52 (quoting *Twombly*, 127 S. Ct. at 1974).

The principles stated in *In re Elevator* control here. Here, as there, Plaintiffs' only allegations of any action taken in the United States are a generalized list of conspiratorial activities stated in conclusory fashion. (Am. Comp. ¶ 36.) Just as in *In re Elevator*, Plaintiffs' allegations here are made in "entirely general terms without any specification of any particular activities by any particular defendant" and are "nothing more than a list of theoretical possibilities, which one could postulate without knowing any facts whatever." 502 F.3d at 50-51.

### 2.    Plaintiffs Do Not Allege an Antitrust Injury in a Plausible Market.

Plaintiffs must allege sufficient factual details to demonstrate antitrust injury. *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344 (1990). That requires factual allegations establishing an injury to competition in a properly defined "relevant market." *Chapman v. New York State Division for Youth*, No. 1:04-CV-867, 2005 WL 2407548, at *7-8 (N.D.N.Y. Sept. 29, 2005). An overly broad and vague market definition cannot support a claim for violations of the Sherman Act. *Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 971-972 (W.D. Tenn. 2004). For example, in *Cupp* the court dismissed the plaintiff's complaint because the alleged relevant market of "hair care products" was "itself so vague that it leaves the Court at a loss as to what sorts of products to include." *Id.*; *see also Person v. Google, Inc.*, No. C 06-7297 JF (RS), 2007 WL 832941, at *4 (N.D. Cal. March 16, 2007) ("The allegations . . . suggest that the relevant market might include anyone who operates a website. Thus, as presently framed, Plaintiff's definition of the relevant market is vague and overbroad.").

Here, Plaintiffs have failed to properly define a market in economically meaningful terms, as they must. Instead, with no factual support, Plaintiffs allege a conspiracy involving an expansively vague market of "oral, personal and home care products." (Am. Comp. ¶ 18.) Just

as in *In re Elevator*, Plaintiffs have made "no allegations of global marketing or fungible products," nor have they alleged that Defendants monitored prices elsewhere in setting prices in the United States, or that actual prices in the United States are attributable to the alleged wrongdoing in Germany. 502 F.3d at 52. Indeed, the German investigation referenced in the Amended Complaint resulted in fines for three separate alleged conspiracies limited to particular brands of three specific and unrelated products: shower gel, toothpaste, and dishwashing liquid. (Am. Comp. ¶ 25.) Neither the FCO proceedings nor any other facts alleged in the Amended Complaint provide support for the much broader market alleged, a universe of oral, personal and home care products. There is no basis for such a relevant market.

In any event, regardless of how the relevant market is defined, the Amended Complaint does not contain any factual allegations that demonstrate antitrust injury. There are no allegations, for example, of (a) any specific price increases by defendants in the United States, (b) any specific sales in the United States by any defendant or any other specific entity, or (c) any specific purchases by any specific individual or entity in the United States.

### 3.    Plaintiffs Do Not Allege a Plausible Theory of Recovery.

Plaintiffs have not alleged a plausible means of obtaining relief under the Sherman Act, either as to damages or as to injunctive relief. To the extent Plaintiffs are seeking damages, their claims are barred because they are not direct purchasers. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). To the extent they are seeking injunctive relief, their claim fares no better. A plaintiff seeking injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26, must demonstrate "a significant threat of injury from an impending violation . . . or from a contemporary violation likely to continue or recur." *Mid-West Paper Prods. Co. v. Cont'l Group, Inc.*, 596 F.2d 573, 591 (3d Cir. 1979) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130 (1969)). "[T]o obtain forward-looking relief, a plaintiff must

12

face a threat of injury that is both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *In re New Motor Vehicles Canadian Export Antitrust Litigation*, Nos. 07-2257, 07-2258, 07-2259, 2008 WL 820922, at *6 (1st Cir. March 28, 2008) (citations omitted) (dismissing antitrust claims with respect to injunctive relief where plaintiffs failed to establish the continuing presence of threatened injury). Here, Plaintiffs fail to assert any risk of future injury or that there is a "real and immediate" threat from an ongoing conspiracy.

**B.     Plaintiffs' State Law Claims (Counts II, III, & IV) Also Should Be Dismissed.**

Plaintiffs assert state law antitrust and unfair competition (Count II), consumer protection (Count III), and unjust enrichment (Count IV) claims. The claims fail for four reasons.

*First,* because the state law claims are governed by the federal pleading standards discussed above, they fail for the same reasons discussed above. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1204 (2008).

*Second,* Plaintiffs have not alleged any connection between conduct by Sara Lee Corporation and any injury, in the United States or elsewhere. There is no injury that is "traceable" to conduct in Europe. Accordingly, Plaintiffs lack Article III standing to sue Sara Lee Corporation. *See, e.g., Plotkin v. Ryan*, 239 F.3d 882, 884 (7th Cir. 2001); *Area Transp., Inc. v. Ettinger*, 219 F.3d 671, 673-74 (7th Cir. 2000).

*Third,* even if Plaintiffs had suffered some injury at the hands of Sara Lee Corporation, because Plaintiffs allege only purchases in Michigan and Wisconsin, they would be limited to whatever relief those two states provide. Before certification of any class, the trial court must "determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000); *Schultz v. American Family Mut. Ins. Co.*, No. 04 C 5512, 2005 WL 5909003, at *7 (N.D. Ill. Nov. 1, 2005)

(dismissing claims under state laws that plaintiff did not have standing to assert); *In re Terazosin Hydrochloride Antitrust Litigation*, 160 F. Supp. 2d 1365, 1371-72 (S.D. Fla. 2001) (same).[3] Because Plaintiffs do not allege purchases in states other than Michigan or Wisconsin, they lack standing to sue under any other state law. Accordingly, to the extent Plaintiffs seek to recover under any state law other than Michigan or Wisconsin, their state law claims must be dismissed. Similarly, Count III also must be dismissed in its entirety because Plaintiffs fail to allege a violation of either Michigan or Wisconsin state law.

*Fourth*, Plaintiffs' unjust enrichment claims (Count IV), based on "common law principles of unjust enrichment" (Am. Comp. ¶ 92), must be dismissed. Count IV apparently is based on state law. If so, as noted just above, at best, Plaintiffs only have standing to assert violations under Michigan and Wisconsin law.[4] But Plaintiffs' allegations do not satisfy the requirements of either Michigan or Wisconsin law. Both states require the plaintiff to have conferred a benefit on the defendant. *Burton v. William Beaumont Hospital*, 373 F. Supp. 2d 707, 722 (E.D. Mich. 2005) (dismissing unjust enrichment claim); *Associated Banc-Corp. v. John H. Harland Co.*, No. 06-C-1097, 2007 WL 128337, at *2-3 (E.D. Wis. Jan. 11, 2007) (same). Here, Plaintiffs do not allege that they purchased any oral, personal or home care products made or sold by Sara Lee Corporation or otherwise conferred a benefit on Sara Lee Corporation. Accordingly, all Plaintiffs' claims for unjust enrichment (Count IV) should be dismissed.

---

[3] *But see Kuhl v. Guitar Center Stores, Inc.*, No. 07 C 214, 2008 WL 656049, at *2-3 (N.D. Ill. March 5, 2008). *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002), does not require a different result. *Payton* involved class-wide claims under a single Illinois statute, not as here an attempt to assert claims based on statutes of multiple states where none of the named plaintiffs resides or made purchases.

[4] Under federal law, unjust enrichment is an impermissible end-run around *Illinois Brick*. *See FTC v. Mylan Labs. Inc.*, 62 F. Supp. 2d 25, 41-42 (D.D.C. 1999).

## **CONCLUSION**

For the foregoing reasons and for the reasons stated in the other Defendants' motions and memoranda, the Court should dismiss the Amended Complaint with prejudice.

Sara Lee Corporation

By:    s/ Craig C. Martin
            One of its Attorneys

            Craig C. Martin
            John F. Kinney
            Eric A. Sacks
            Sarah E. Crane
            JENNER & BLOCK LLP
            330 North Wabash Avenue
            Chicago, IL 60611
            (312) 222-9350

Dated:  May 1, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah Crane, hereby certify that on May 1, 2008, I caused a copy of the foregoing

**MEMORANDUM IN SUPPORT OF SARA LEE CORPORATION'S MOTION TO**

**DISMISS** to be filed and served electronically via the court's CM/ECF system. Notice of this

filing will be sent by e-mail to all parties by operation of the court's electronic filing system or

by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing. Parties may access this filing through the court's CM/ECF System.


By: __s/ Sarah E. Crane_____ ___

Sarah E. Crane
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, Illinois 60611
Phone: (312) 222-9350
Fax: (312) 923-2949
Email: scrane@jenner.com

Dated: May 1, 2008