UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMERCIAL STREET EXPRESS LLC, NICOLE VANDER MUELEN, SHASTA BURZYNSKI, and KATHLEEN COULLARD,<br><br>                                    Plaintiffs,<br><br>          v.<br><br>SARA LEE CORPORATION, COLGATE-PALMOLIVE COMPANY, HENKEL CHEMIE VERWALTUNGSGESELLSCHAFT MBH, HENKEL CORP., UNILEVER N.V., UNILEVER PLC, and UNILEVER UNITED STATES INC.,<br><br>                                    Defendants. | Case No. 08 C 1179<br><br>Honorable Virginia M. Kendall |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## BY UNILEVER PLC

Ronald S. Rolfe
Elizabeth L. Grayer
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
(212) 474-3700 – fax

Sheila Finnegan
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 – fax

*Attorneys for Unilever PLC*

May 13, 2008

**Table of Contents**

**Page**

Table of Authorities ..................................................................................................ii

Preliminary Statement ............................................................................................... 1

Statement of Facts ..................................................................................................... 2

Argument ................................................................................................................... 4

I.   THE COURT LACKS PERSONAL JURISDICTION OVER UNILEVER
     PLC AND SHOULD DISMISS IT FROM THE CASE .............................................. 4

     A.   Applicable Legal Standards ............................................................................. 4

     B.   The Court Does Not Have General Jurisdiction Over PLC ............................ 5

     C.   The Court Does Not Have Specific Jurisdiction Over PLC ............................ 6

II.  THE COURT ALSO SHOULD DISMISS THE SUIT AGAINST PLC
     FOR ALL THE REASONS SET FORTH IN UNILEVER US'S MOTION
     TO DISMISS .................................................................................................................. 8

Conclusion ................................................................................................................ 10

## Table of Authorities

Page(s)

**Cases**

*Arzoomanian v. British Telecomms., PLC*, Civil Action No. 03-374 (JLL) (D.N.J. Aug. 17, 2004) ...................................................................................................................6

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ............................................................2, 8, 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ...............................................................4, 7

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934 (7th Cir. 2000) ................................................................................................4, 7

*Concat LP v. Unilever PLC*, 350 F. Supp. 2d 796 (N.D. Cal. 2004) ............................................6

*DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913 (N.D. Ill. 2003) ..........................................9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ...................................5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ....................................................................9

*Medco Research, Inc. v. Fujisawa Pharm. Co.*, No. 93 C 2705, 93 C 2724, 1994 WL 87453 (N.D. Ill. Mar. 16, 1994) ........................................................................................6

*Patterson v. Conopco, Inc.*, No. 97-1120-WEB, 1997 U.S. Dist. LEXIS 22267 (D. Kan. Aug. 27, 1997) ...........................................................................................................6

*Plotkin v. Ryan*, 239 F.3d 882 (7th Cir. 2001) ..............................................................................9

*RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 (7th Cir. 1997) .............................................5, 7

*Rollins v. Ellwood*, 565 N.E.2d 1302 (Ill. 1990) ..........................................................................5

*United States v. Bestfoods*, 524 U.S. 51 (1998) ........................................................................ 8-9

**Statutes & Rules**

15 U.S.C. § 22 .................................................................................................................................5

735 Ill. Comp. Stat. 5/2-209(c) .......................................................................................................5

Fed R. Civ. P. 4(k)(1)(C) ................................................................................................................5

Fed. R. Civ. P. 12(b)(1) ..................................................................................................................1

**Page(s)**

Fed. R. Civ. P. 12(b)(2) ............................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1

Defendant Unilever PLC ("PLC"), a London-based holding company organized under the laws of England and Wales (*see* Declaration of Stephen Williams ("Williams Decl.") ¶ 4), respectfully submits this memorandum in support of its motion pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2) and (b)(6) to dismiss all claims in the Complaint ("Complaint" or "Cpl.").[1]

### PRELIMINARY STATEMENT

The Court lacks personal jurisdiction over PLC, and thus should dismiss it from this case. As an initial matter, PLC is a foreign company that does not have the requisite minimum contacts with the United States to bring it within the Court's jurisdiction under the U.S. Constitution. Moreover, Plaintiffs have failed to allege any factual basis for personal jurisdiction over PLC other than a conclusory assertion that PLC and the other defendants "engaged in an illegal price-fixing scheme and conspiracy that was directed at and/or caused injury to persons and entities residing in, located in, or doing business in the Northern District of Illinois and throughout the United States because each conducts substantial business in or arising from this District." Cpl. ¶ 4. Not only is Plaintiffs' allegation vague and insufficient, it is incorrect. PLC operates solely in London as a holding company with only a minority interest in co-defendant Unilever United States, Inc. ("Unilever US"). Williams Decl. ¶¶ 4, 16. PLC conducts no business anywhere in the United States (including Illinois), and has no property, bank account or employee in the United States. *Id.* ¶¶ 9, 11, 14, 15. Unilever US is a distinct and independently managed corporation in whose day-to-day operations PLC does not involve itself. *Id.* ¶ 17. Given its wholesale absence of contacts with the United States, PLC must be dismissed as a defendant for lack of personal jurisdiction.

---

[1] Foreign defendant Unilever NV ("NV"), a Dutch entity and one of the ultimate parents of co-defendant Unilever United States, Inc., has not been served and therefore does not join this motion.

In addition, as set forth in detail in the memoranda submitted in support of Unilever US's motion to dismiss, Plaintiffs' Complaint should be dismissed in its entirety, because Plaintiffs fail to state a claim under *Bell Atlantic Corp. v. Twombly*, fail to allege facts establishing standing, and fail to establish a basis for subject matter jurisdiction under the Foreign Trade Antitrust Improvements Act of 1982. PLC incorporates these arguments into its motion to dismiss by reference. *See* Memorandum in Support of Motion to Dismiss By Unilever United States, Inc., dated March 24, 2008 (Docket # 38) ("Mem."); Reply Memorandum in Support of Motion to Dismiss By Unilever United States, Inc., dated May 1, 2008 (Docket # 61) ("Rep.").

## STATEMENT OF FACTS[2]

The basic allegations of Plaintiffs' Complaint are set forth in Unilever US's Memorandum in Support of Motion to Dismiss and therefore not repeated here. *See* Mem. 3-5. Plaintiffs also allege that PLC and NV "operate as a single economic entity" that "conducts business both directly and through wholly-owned and dominated subsidiaries worldwide." Cpl. ¶ 15. The facts belying this unsubstantiated claim are simple and straightforward:

- PLC is a London-based holding company organized under the laws of England and Wales. Williams Decl. ¶ 4.

- PLC and NV together own, directly or indirectly, investments in various affiliated companies that manufacture and sell food, home and personal care products. *Id.* ¶ 5.

---

[2] PLC accepts the alleged facts as pleaded in the Complaint solely for purposes of this motion.

2

- PLC does not distribute any product itself and operates solely as a holding company. *Id.* ¶ 6.

- PLC derives all of its income, except for interest income on cash flow balances or short-term investments, from dividends, service fees or royalties. *Id.* ¶ 7. PLC does not own, rent, use or possess any real property anywhere in the United States. *Id.* ¶ 9.

- No PLC directors' meeting has taken place in the United States for at least 20 years. *Id.* ¶ 8.

- PLC does not have an office, place of business, postal address or telephone listing anywhere in the United States. *Id.* ¶ 10.

- PLC is not licensed and has not applied for a license to do business anywhere in the United States. *Id.* ¶ 11.

- PLC does not have and is not required to have a designated agent for service of process anywhere in the United States. *Id.* ¶ 12.

- PLC does not advertise, sell, or contract to supply any good or service anywhere in the United States. *Id.* ¶ 13.

- PLC has no employee, bank account or property anywhere in the United States, *id.* ¶¶ 9, 14, 15, and has only a minority ownership interest in Unilever US. *Id.* ¶ 16.

- Unilever US is a distinct and independently managed corporation that generates income, keeps financial records and books, pays taxes and maintains bank accounts separately from PLC. *Id.* ¶ 17. Unilever US's board of directors is

separate and autonomous. *Id*. PLC does not involve itself in the management of, nor subsidize, Unilever US's day-to-day operations. *Id.*

## ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER UNILEVER PLC AND SHOULD DISMISS IT FROM THE CASE

#### A. Applicable Legal Standards

Once a defendant moves to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing a court's jurisdiction over that defendant. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). Plaintiffs here fail to allege facts under which the Court could assert personal jurisdiction over PLC, instead baldly claiming the Court has personal jurisdiction, because defendants "engaged in an illegal price-fixing scheme and conspiracy that was directed at and/or caused injury to persons and entities residing in, located in, or doing business in the Northern District of Illinois and throughout the United States because each conducts substantial business in or arising from this District." Cpl. ¶ 4.

For a court to have personal jurisdiction consistent with constitutional principles of due process, a defendant "must have purposefully established minimum contacts with the forum." *Cent. States*, 230 F.3d at 942-43 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985)). If minimum contacts exist, the court must evaluate factors such as the forum's interest in the dispute and the burden on the defendant to determine whether exercising personal jurisdiction would satisfy notions of fair play and substantial justice. *Id.* at 943. The court may exercise personal jurisdiction over the defendant if either the defendant "has 'continuous and systematic general business contacts' with the forum" (general jurisdiction), or the plaintiff's cause of action arises out of the defendant's contacts with the forum (specific jurisdiction). *See*

4

*RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Because PLC is a foreign holding company that conducts no business and has no property or employee in the United States — including Illinois — and because Unilever US is a distinct and independently managed corporation that observes corporate formalities, personal jurisdiction over PLC does not exist under either theory.[3]

### B. The Court Does Not Have General Jurisdiction Over PLC

The threshold for general personal jurisdiction is high: general jurisdiction applies only where a defendant has "continuous and systematic general business contacts" with the forum. *RAR Inc.*, 107 F.3d at 1277 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416). Plaintiffs assert general jurisdiction over PLC on the ground that it "conducts substantial business in or arising from" the Northern District of Illinois. Cpl. ¶ 4. But nothing could be further from the truth. PLC does not advertise, sell or contract to supply any good or service anywhere in the United States, nor does it (1) own, rent, use or possess any real property anywhere in the United States; (2) have an office, place of business, postal address or telephone listing anywhere in the United States; (3) have a license, and has not applied for a license, to do

---

[3] This analysis is identical whether Plaintiffs rely on the worldwide service provision of 15 U.S.C. § 22 and Fed R. Civ. P. 4(k)(1)(C) or the Illinois long-arm statute, which permits Illinois to exercise jurisdiction to the extent permitted by the U.S. and Illinois constitutions. 735 Ill. Comp. Stat. 5/2-209(c). Notably, the Illinois Supreme Court has suggested that "Illinois' long-arm statute . . . may well restrict the power that the courts of this State have to bring nonresidents before them to a greater extent than do the Federal due process clause and the 'minimum contacts' standard developed over the years by the Supreme Court." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1314 (Ill. 1990). Under the Illinois Constitution's guarantee of due process, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois". *Id*. at 1316. Therefore, PLC's total lack of contacts with the United States — including Illinois — likewise makes it appropriate for the Court to dismiss the claims against PLC to the extent Plaintiffs rely on the Illinois long-arm statute for jurisdiction.

business anywhere in the United States; (4) have any employee based anywhere in the United States; or (5) maintain a bank account or other property anywhere in the United States. Williams Decl. ¶¶ 9-11, 14, 15. Given this complete lack of business activity in the United States or Illinois — let alone "continuous and systematic" business activity — there is no basis for the Court to find it has general personal jurisdiction over PLC.

Indeed, two courts previously have held that they did not have personal jurisdiction over PLC. *See Arzoomanian v. British Telecomms., PLC*, Civil Action No. 03-374 (JLL), Opinion and Order at 11-14, 28 (D.N.J. Aug. 17, 2004) (attached hereto as Exhibit A) (finding no "continuous and systematic" contacts with New Jersey); *Patterson v. Conopco, Inc.*, No. 97-1120-WEB, 1997 U.S. Dist. LEXIS 22267, at *7-*8 (D. Kan. Aug. 27, 1997) (noting that prior to removal of the action, a Kansas state court had held it did not have personal jurisdiction over PLC).[4] The Court should reach the same conclusion here.

**C. The Court Does Not Have Specific Jurisdiction Over PLC**

Plaintiffs also claim that the Court has specific jurisdiction over PLC on the ground that it engaged "in an illegal price-fixing scheme and conspiracy that was directed at and/or caused injury to persons and entities residing in, located in, or doing business in the Northern District of Illinois." Cpl. ¶ 4. For specific jurisdiction to exist, Plaintiffs must show

---

[4] Although one court has found that plaintiffs made a *prima facie* showing of personal jurisdiction over PLC, that finding was limited to specific jurisdiction based on plaintiffs' detailed allegations that PLC and NV had ordered Unilever US to file patent applications improperly incorporating plaintiffs' intellectual property. *See Concat LP v. Unilever PLC*, 350 F. Supp. 2d 796, 812 (N.D. Cal. 2004). Plaintiffs here offer no comparably specific allegation, instead claiming only that PLC and NV "operate as a single economic entity" and that they "conduct[] business both directly and through wholly-owned and dominated subsidiaries worldwide." Cpl. ¶ 15. Such conclusory allegations must fail. *See Medco Research, Inc. v. Fujisawa Pharm. Co.*, Nos. 93 C 2705, 93 C 2724, 1994 WL 87453, at *4-*5 (N.D. Ill. Mar. 16, 1994) (dismissing foreign parent for lack of personal jurisdiction where plaintiff made only a conclusory allegation that parent and subsidiary were alter egos, explaining that "[p]laintiff must articulate facts, not merely allege legal conclusions, to support its argument that this court should pierce the corporate veil and subject [the foreign parent] to Illinois jurisdiction").

that PLC has "purposefully established minimum contacts" with the forum such that personal jurisdiction would be "reasonable and fair under the circumstances," and that the lawsuit "arise[s] out of" or is "related to" those minimum contacts. *See RAR Inc.*, 107 F.3d at 1277 (citing *Burger King Corp.*, 471 U.S. at 476-77). As demonstrated above, "minimum contacts" with the forum are wholly lacking. Moreover, as set forth in greater detail in the memoranda submitted in support of Unilever US's motion to dismiss, the Complaint entirely fails to explain how a decision issued by Germany's Federal Cartel Office ("FCO") evaluating alleged anticompetitive activity by a German Unilever company relating "exclusively to Germany" — not PLC — could support allegations of anticompetitive conduct by Unilever US or PLC in the United States. *See* Rep. 1-9.

        PLC's minority ownership of Unilever US also provides no contact sufficient for a finding of specific jurisdiction. The Seventh Circuit has held that "due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *Cent. States*, 230 F.3d at 943. In *Central States*, the court dismissed for lack of personal jurisdiction claims against the foreign parents of a domestic subsidiary because the subsidiary maintained separate books, records, financial statements, and tax returns and observed all corporate formalities, and the foreign parents did not exercise "day-to-day management control" over the subsidiary. *Id.* at 945. The Seventh Circuit went on to explain: "[w]here corporate formalities have been observed, a company's owners reasonably expect that they cannot be held liable for the faults of the company. Thus, such owners do not reasonably anticipate being hailed into a foreign forum to defendant against liability for the errors of the corporation." *Id.* at 944.

7

Unilever US is a distinct and independently managed corporation that generates income, keeps financial records and books, pays taxes and maintains bank accounts separately from PLC. Williams Decl. ¶ 17. Unilever US's board is separate and autonomous. *Id.* PLC does not involve itself in the management of, nor subsidize, Unilever US's day-to-day operations. *Id.* In short, because Unilever US's corporate formalities are observed, PLC could not reasonably anticipate being haled into a U.S. court based on Unilever US's conduct in the United States. Because PLC has not "purposefully established minimum contacts" with the United States such that personal jurisdiction would be "reasonable and fair under the circumstances," and because Plaintiffs' claims do not "arise out of" and are not "related to" PLC's contacts with the United States, the Court does not have specific personal jurisdiction over PLC.

## II. THE COURT ALSO SHOULD DISMISS THE SUIT AGAINST PLC FOR ALL THE REASONS SET FORTH IN UNILEVER US'S MOTION TO DISMISS

PLC incorporates by reference the arguments set forth in Unilever US's memoranda in support of its motion to dismiss. *See* Docket Nos. 38 and 61. As set forth in greater detail in those memoranda, Plaintiffs fail to offer factual allegations in their Complaint sufficient "to raise a right of relief above the speculative level" as required under *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). They likewise fail to link the FCO decision pertaining to Unilever Deutschland GmbH to PLC or any other Unilever company, while also not pleading fundamental facts such as a "specific, time, place, or person involved in the alleged conspirac[y]." *Id.* at 1971 n.10. Instead, Plaintiffs' assertions of unlawful conduct are wholly conclusory and thus fail to state a claim for relief. *See* Mem. 5-10; Rep. 1-9. Moreover, rather than setting forth factual allegations specifically pertaining to PLC, Plaintiffs conflate various Unilever companies. This attempt at obfuscation is contrary to corporate law. *See United States*

8

*v. Bestfoods*, 524 U.S. 51, 61 (1998) (a parent corporation is an autonomous entity and is not liable for the acts of its subsidiaries); *DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913, 925 (N.D. Ill. 2003) (companies cannot be held liable for actions of affiliated companies because each is a legal entity separate and distinct from its shareholders, directors and officers and other corporations with which it may be affiliated).

Also, as set forth in greater detail in Unilever US's memoranda in support of its motion to dismiss, the Court should hold that it lacks subject matter jurisdiction over Count I, because the Complaint alleges no conduct by PLC (or Unilever US) that has a "direct, substantial, and reasonably foreseeable effect" on U.S. domestic commerce. *See* Mem. 10-12; Rep. 9-10.

The Court also lacks subject matter jurisdiction over all counts, because Plaintiffs fail to plead "a causal connection between the injury and the challenged conduct, i.e., 'traceability,'" and therefore lack Article III standing for any of their claims. *See* Mem. 12; Rep. 10-13; *see also Plotkin v. Ryan*, 239 F.3d 882, 884 (7th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Counts II and III likewise should be dismissed for failure to state a claim under *Twombly*, because Plaintiffs make no allegation that PLC's conduct specifically affected any of the states under whose laws Plaintiffs seek to sue. *See* Mem. 5, Rep. 13. Plaintiffs also lack standing to pursue Count II to the extent it relies on state law outside Michigan and Wisconsin and lack standing to pursue Count III in its entirety. Mem. 13-14; Rep. 12-13.

Finally, Count IV should likewise be dismissed under *Twombly*, because Plaintiffs fail to allege traceability, and because that claim will lack legal foundation once the Court dismisses Counts I through III. *See* Mem. 5, 12; Rep. 13-14.

9

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion of Unilever PLC to dismiss all claims in the Complaint.

| | |
|---|---|
| May 13, 2008 | Respectfully submitted, |
| | By:   /s/ Britt M. Miller |
| Ronald S. Rolfe<br>Elizabeth L. Grayer<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>(212) 474-1000<br>(212) 474-3700 – fax | Sheila Finnegan<br>Britt M. Miller<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>(312) 782-0600<br>(312) 701-7711 – fax |

*Attorneys for Unilever PLC*

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on May 13, 2008, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY UNILEVER PLC**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Britt M. Miller
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
Phone:  (312) 782-0600
Fax:  (312) 701-7711
E-mail:  bmiller@mayerbrown.com