UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMERCIAL STREET EXPRESS LLC, NICOLE VANDER MUELEN, SHASTA BURZYNSKI, and KATHLEEN COULLARD,<br><br>           Plaintiffs,<br><br>    v.<br><br>SARA LEE CORPORATION, COLGATE-PALMOLIVE COMPANY, HENKEL CHEMIE VERWALTUNGSGESELLSCHAFT MBH, HENKEL CORP., UNILEVER N.V., UNILEVER PLC, and UNILEVER UNITED STATES INC.,<br><br>           Defendants. | Case No. 08 C 1179<br><br>Honorable Virginia M. Kendall |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
BY UNILEVER NV**

Ronald S. Rolfe
Elizabeth L. Grayer
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
(212) 474-3700 – fax

Sheila Finnegan
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 – fax

*Attorneys for Unilever NV*

May 30, 2008

## Table of Contents

                                                      **Page**

Table of Authorities .................................................................................................................... ii

Preliminary Statement ................................................................................................................. 1

Statement of Facts ....................................................................................................................... 2

Argument .................................................................................................................................... 3

I.      THE COURT LACKS PERSONAL JURISDICTION OVER UNILEVER NV
        AND SHOULD DISMISS IT FROM THE CASE ............................................................. 3

        A.      The Court Does Not Have General Jurisdiction Over NV ..................................... 5

        B.      The Court Does Not Have Specific Jurisdiction Over NV ..................................... 5

II.     THE COURT ALSO SHOULD DISMISS THE SUIT AGAINST NV FOR ALL
        THE REASONS SET FORTH IN UNILEVER US'S MOTION TO DISMISS ................ 7

Conclusion .................................................................................................................................. 9

## Table of Authorities

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .................................................................1, 7, 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................4, 6

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934 (7th Cir. 2000)..........................................................................................................4, 6

*DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913 (N.D. Ill. 2003) ................................................7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) .....................................5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .......................................................................8

*Plotkin v. Ryan*, 239 F.3d 882 (7th Cir. 2001)..................................................................................8

*RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 (7th Cir. 1997).......................................................5

*Rollins v. Ellwood*, 565 N.E.2d 1302 (Ill. 1990)...............................................................................4

*United States v. Bestfoods*, 524 U.S. 51 (1998) ...............................................................................7

**Statutes & Rules**

735 Ill. Comp. Stat. 5/2-209(c) .........................................................................................................4

15 U.S.C. § 22...................................................................................................................................4

Fed R. Civ. P. 4(k)(1)(C) ..................................................................................................................4

Fed. R. Civ. P. 12(b)(1).....................................................................................................................1

Fed. R. Civ. P. 12(b)(2).....................................................................................................................1

Fed. R. Civ. P. 12(b)(6).....................................................................................................................1

Defendant Unilever NV ("NV"), a Rotterdam-based holding company organized under the laws of the Netherlands (*see* Declaration of Stephen Williams ("Williams Decl.") ¶ 4), respectfully submits this memorandum in support of its motion pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2) and (b)(6) to dismiss all claims in the Complaint ("Complaint" or "Cpl.").

**PRELIMINARY STATEMENT**

The Court lacks personal jurisdiction over NV, and thus should dismiss it from this case for the same reasons the Court should dismiss co-defendant Unilever PLC ("PLC"). Like PLC, NV is a foreign company that does not have the requisite minimum contacts with the United States to bring it within the Court's jurisdiction under the U.S. Constitution. Moreover, Plaintiffs have failed to allege any factual basis for personal jurisdiction over NV other than a conclusory assertion that NV and the other defendants "engaged in an illegal price-fixing scheme and conspiracy that was directed at and/or caused injury to persons and entities residing in, located in, or doing business in the Northern District of Illinois and throughout the United States because each conducts substantial business in or arising from this District." Cpl. ¶ 4. Not only is Plaintiffs' allegation vague and insufficient, it is incorrect. NV operates solely in Rotterdam as a holding company. Williams Decl. ¶ 4. NV conducts no business anywhere in the United States (including Illinois), and has no real property, bank account or employee in the United States. *Id.* ¶¶ 9-11, 14-15. Although NV owns a majority interest in Unilever United States ("Unilever US"), Unilever US is a distinct and independently managed corporation in whose day-to-day operations NV does not involve itself. *Id.* ¶ 17. Given its absence of contacts with the United States, NV, like PLC, must be dismissed as a defendant for lack of personal jurisdiction.

In addition, as set forth in detail in the memoranda submitted in support of Unilever US's motion to dismiss, Plaintiffs' Complaint should be dismissed in its entirety, because Plaintiffs fail to state a claim under *Bell Atlantic Corp. v. Twombly*, fail to allege facts

establishing standing, and fail to establish a basis for subject matter jurisdiction under the Foreign Trade Antitrust Improvements Act of 1982.  NV incorporates these arguments into its motion to dismiss by reference.  *See* Memorandum in Support of Motion to Dismiss By Unilever United States, Inc., dated March 24, 2008 (Docket # 38) ("US Mem."); Reply Memorandum in Support of Motion to Dismiss By Unilever United States, Inc., dated May 1, 2008 (Docket # 61) ("US Rep.").

## STATEMENT OF FACTS[1]

The basic allegations of Plaintiffs' Complaint are set forth in Unilever US's Memorandum in Support of Motion to Dismiss and therefore not repeated here.  *See* US Mem. 3-5 (Docket # 38).  Plaintiffs also allege that NV and PLC "operate as a single economic entity" that "conducts business both directly and through wholly-owned and dominated subsidiaries worldwide."  Cpl. ¶ 15.  The facts belying this unsubstantiated claim are as simple and straightforward for NV as they are for PLC:

- NV is a Rotterdam-based holding company organized under the laws of the Netherlands.  Williams Decl. ¶ 4.

- NV and PLC together own, directly or indirectly, investments in various affiliated companies that manufacture and sell food, home and personal care products.  *Id.* ¶ 5.

- NV does not distribute any product itself and operates solely as a holding company.  *Id.* ¶ 6.

- NV derives all of its income, except for interest income on cash flow balances or short-term investments, from dividends, service fees or royalties.  *Id.* ¶ 7.  NV

---

[1] NV accepts the alleged facts as pleaded in the Complaint solely for purposes of this motion.

- does not own, rent, use or possess any real property anywhere in the United States. *Id.* ¶ 9.

- No NV directors' meeting has taken place in the United States for at least 20 years. *Id.* ¶ 8.

- NV does not have an office, place of business, postal address or telephone listing anywhere in the United States. *Id.* ¶ 10.

- NV is not licensed and has not applied for a license to do business anywhere in the United States. *Id.* ¶ 11.

- NV does not have and is not required to have a designated agent for service of process anywhere in the United States. *Id.* ¶ 12.

- NV does not advertise, sell, or contract to supply any good or service anywhere in the United States. *Id.* ¶ 13.

- NV has no employee or bank account anywhere in the United States. *Id.* ¶¶ 14-15.

- Unilever US is a distinct and independently managed corporation that generates income, keeps financial records and books, pays taxes and maintains bank accounts separately from NV. *Id.* ¶ 17. Unilever US's board of directors is separate and autonomous. *Id.* NV does not involve itself in the management of, nor subsidize, Unilever US's day-to-day operations. *Id.*

## ARGUMENT

I.  **THE COURT LACKS PERSONAL JURISDICTION OVER UNILEVER NV AND SHOULD DISMISS IT FROM THE CASE**

NV incorporates by reference the arguments set forth in Unilever PLC's memorandum in support of its motion to dismiss for lack of personal jurisdiction. *See*

3

Memorandum in Support of Motion to Dismiss by Unilever PLC, dated May 13, 2008 (Docket #75) ("PLC Mem."). As explained in that memorandum, once a defendant moves to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing a court's jurisdiction over that defendant. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). For a court to have personal jurisdiction consistent with constitutional principles of due process, a defendant "must have purposefully established minimum contacts with the forum." *Id.* at 942-43 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985)). If minimum contacts exist, the court must evaluate factors such as the forum's interest in the dispute and the burden on the defendant to determine whether exercising personal jurisdiction would satisfy notions of fair play and substantial justice. *Id.* at 943; *see also* PLC Mem. 4-5 (Docket # 75).

        The Complaint's allegations pertaining to NV are the same as those for PLC and are insufficient with regard to both. Because NV, like PLC, is a foreign holding company that conducts no business in the United States — including Illinois — and because Unilever US is a distinct and independently managed corporation that observes corporate formalities, the Court has neither general nor specific personal jurisdiction over NV.[2]

---

[2] This analysis is identical whether Plaintiffs rely on the worldwide service provision of 15 U.S.C. § 22 and Fed R. Civ. P. 4(k)(1)(C) or the Illinois long-arm statute, which permits Illinois to exercise jurisdiction to the extent permitted by the U.S. and Illinois constitutions. 735 Ill. Comp. Stat. 5/2-209(c). Notably, the Illinois Supreme Court has suggested that "Illinois' long-arm statute . . . may well restrict the power that the courts of this State have to bring nonresidents before them to a greater extent than do the Federal due process clause and the 'minimum contacts' standard developed over the years by the Supreme Court." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1314 (Ill. 1990). Under the Illinois Constitution's guarantee of due process, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id*. at 1316. Therefore, NV's total lack of contacts with the United States — including Illinois — likewise makes it appropriate for the Court to dismiss the claims against NV to the extent Plaintiffs rely on the Illinois long-arm statute for jurisdiction.

### A. The Court Does Not Have General Jurisdiction Over NV

The threshold for general personal jurisdiction is high: general jurisdiction applies only where a defendant has "continuous and systematic general business contacts" with the forum. *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Plaintiffs assert general jurisdiction over NV on the ground that it "conducts substantial business in or arising from" the Northern District of Illinois. Cpl. ¶ 4. However, this unsupported allegation is as untrue for NV as it is for PLC. NV does not advertise, sell or contract to supply any good or service anywhere in the United States, nor does it (1) own, rent, use or possess any real property anywhere in the United States; (2) have an office, place of business, postal address or telephone listing anywhere in the United States; (3) have a license, and has not applied for a license, to do business anywhere in the United States; (4) have any employee based anywhere in the United States; or (5) maintain a bank account anywhere in the United States. Williams Decl. ¶¶ 9-11, 13-15. Given this complete lack of business activity in the United States or Illinois — let alone "continuous and systematic" business activity — there is no basis for the Court to find that it has general personal jurisdiction over NV.

### B. The Court Does Not Have Specific Jurisdiction Over NV

Plaintiffs also claim that the Court has specific jurisdiction over NV on the ground that it "engaged in an illegal price-fixing scheme and conspiracy that was directed at and/or caused injury to persons and entities residing in, located in, or doing business in the Northern District of Illinois." Cpl. ¶ 4. For specific jurisdiction to exist, Plaintiffs must show that NV has "purposefully established minimum contacts" with the forum such that personal jurisdiction would be "reasonable and fair under the circumstances," and that the lawsuit "arise[s] out of" or is "related to" those minimum contacts. *See RAR Inc.*, 107 F.3d at 1277

(citing *Burger King Corp.*, 471 U.S. at 476-77). As demonstrated above, "minimum contacts" with the forum are wholly lacking. Moreover, as set forth in greater detail in the memoranda submitted in support of Unilever US's motion to dismiss, the Complaint entirely fails to explain how a decision issued by Germany's Federal Cartel Office ("FCO") evaluating alleged anticompetitive activity by a German Unilever company relating "exclusively to Germany" — not NV — could support allegations of anticompetitive conduct by Unilever US or NV in the United States. *See* US Rep. 1-9 (Docket # 61).

NV's partial ownership of Unilever US also provides no contact sufficient for a finding of specific jurisdiction. As described in greater detail in the memoranda in support of PLC's motion to dismiss (PLC Mem. 7-8 (Docket # 75)), the Seventh Circuit has held that "due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *Cent. States*, 230 F.3d at 943. Unilever US is a distinct and independently managed corporation that generates income, keeps financial records and books, pays taxes and maintains bank accounts separately from NV. Williams Decl. ¶ 17. Unilever US's board is separate and autonomous. *Id.* NV does not involve itself in the management of, nor subsidize, Unilever US's day-to-day operations. *Id.* In short, because Unilever US's corporate formalities are observed, NV could not reasonably anticipate being haled into a U.S. court based on Unilever US's conduct in the United States. Because NV has not "purposefully established minimum contacts" with the United States such that personal jurisdiction would be "reasonable and fair under the circumstances," and because Plaintiffs' claims do not "arise out of" and are not "related to" any NV contact with the United States, the Court does not have specific personal jurisdiction over NV.

**II.     THE COURT ALSO SHOULD DISMISS THE SUIT AGAINST NV FOR ALL THE REASONS SET FORTH IN UNILEVER US'S MOTION TO DISMISS**

NV incorporates by reference the arguments set forth in Unilever US's memoranda in support of its motion to dismiss.  *See* Docket Nos. 38 and 61.  As set forth in greater detail in those memoranda, Plaintiffs fail to offer factual allegations in their Complaint sufficient "to raise a right of relief above the speculative level" as required under *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  They likewise fail to link the FCO decision pertaining to Unilever Deutschland GmbH to NV or any other Unilever company, while also not pleading fundamental facts such as a "specific, time, place, or person involved in the alleged conspirac[y]." *Id.* at 1971 n.10.  Instead, Plaintiffs' assertions of unlawful conduct are wholly conclusory and thus fail to state a claim for relief.  *See* US Mem. 5-10 (Docket # 38); US Rep. 1-9 (Docket # 61).  Moreover, rather than setting forth factual allegations specifically pertaining to NV, Plaintiffs conflate various Unilever companies.  This attempt at obfuscation is contrary to corporate law.  *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (a parent corporation is an autonomous entity and is not liable for the acts of its subsidiaries); *DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913, 925 (N.D. Ill. 2003) (companies cannot be held liable for actions of affiliated companies because each is a legal entity separate and distinct from its shareholders, directors and officers and other corporations with which it may be affiliated).

Also, as set forth in greater detail in Unilever US's memoranda in support of its motion to dismiss, the Court should hold that it lacks subject matter jurisdiction over Count I, because the Complaint alleges no conduct by NV (or Unilever US or PLC) that has a "direct, substantial, and reasonably foreseeable effect" on U.S. domestic commerce.  *See* US Mem. 10-12 (Docket # 38); US Rep. 9-10 (Docket # 61).

7

The Court also lacks subject matter jurisdiction over all counts, because Plaintiffs fail to plead "a causal connection between the injury and the challenged conduct, i.e., 'traceability,'" and therefore lack Article III standing for any of their claims. *See* US Mem. 12 (Docket # 38); US Rep. 10-13 (Docket # 61); *see also Plotkin v. Ryan*, 239 F.3d 882, 884 (7th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Counts II and III likewise should be dismissed for failure to state a claim under *Twombly*, because Plaintiffs make no allegation that NV's conduct specifically affected any of the states under whose laws Plaintiffs seek to sue. *See* US Mem. 5 (Docket # 38), US Rep. 13 (Docket # 61). Plaintiffs also lack standing to pursue Count II to the extent it relies on state law outside Michigan and Wisconsin and lack standing to pursue Count III in its entirety. US Mem. 13-14 (Docket # 38); US Rep. 12-13 (Docket # 61).

Finally, Count IV should likewise be dismissed under *Twombly*, because Plaintiffs fail to allege traceability, and because that claim will lack legal foundation once the Court dismisses Counts I through III. *See* US Mem. 5, 12 (Docket # 38); US Rep. 13-14 (Docket # 61).


## CONCLUSION

For the foregoing reasons, the Court should grant the motion of Unilever NV to dismiss all claims in the Complaint.

May 30, 2008

Respectfully submitted,

By:   /s/ Britt M. Miller

Ronald S. Rolfe
Elizabeth L. Grayer
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
(212) 474-3700 – fax

Sheila Finnegan
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 – fax

*Attorneys for Unilever NV*

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on May 30, 2008, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY UNILEVER NV**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        /s/ Britt M. Miller
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
Phone:  (312) 782-0600
Fax:  (312) 701-7711
E-mail:  bmiller@mayerbrown.com