UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMERCIAL STREET EXPRESS LLC, NICOLE VANDER MUELEN, SHASTA BURZYNSKI, and KATHLEEN COULLARD,<br><br>         Plaintiffs,<br><br>     v.<br><br>SARA LEE CORPORATION, COLGATE-PALMOLIVE COMPANY, HENKEL CHEMIE VERWALTUNGSGESELLSCHAFT MBH, HENKEL CORP., UNILEVER N.V., UNILEVER PLC, and UNILEVER UNITED STATES INC.,<br><br>         Defendants. | Case No. 1:08-cv-1179<br><br>Honorable Virginia M. Kendall |

**JOINT REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS COLGATE-PALMOLIVE COMPANY AND HENKEL CORP.**

David I. Gelfand
Steven J. Kaiser
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue
Washington, DC 20006
T:  (202) 974-1500
F:  (202) 974-1999

*Attorneys for Defendant Henkel Corporation*

Mark L. Kovner
Marimichael O. Skubel
Micah N. Hildenbrand
Samantha A. Gingold
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
T:  (202) 879-5000
F:  (202) 879-5200

John W. Treece
Richard D. Raskin
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
T:  (312) 853-7000
F:  (312) 853-7036

David K. Callahan, P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
T:  (312) 861-2000
F:  (312) 861-2200 (fax)

*Attorneys for Defendant Colgate-Palmolive Company*

Henkel Corp. ("Henkel") and Colgate-Palmolive Company ("Colgate") submit this Reply in further support of their Motion to Dismiss the Amended Class Action Complaint in its entirety with prejudice.

Plaintiffs' Opposition reveals, not fixes, the Complaint's fatal flaws.  **First**, Plaintiffs continue to ignore what is now settled law: investigations by foreign competition authorities, even those that lead to fines or other penalties, cannot by themselves ground a claim under U.S. antitrust laws.  As such, Plaintiffs' allegations, even including the new allegations about European conspiracies and U.S price increases, do nothing to "nudge" the Plaintiffs' claims across the line from "conceivable to plausible."  *See In re Elevator Antitrust Litigation*, 502 F.3d 47, 52 (2d Cir. 2007) (per curiam) ("*Elevator*").  Plaintiffs' new allegations lack what the Complaint itself lacks, and what is fundamental to any federal or state claim: specific, alleged illegal activities involving named defendants plausibly linked to cognizable harm in the U.S. market place.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Elevator*, 502 F.3d at 49.

*Second*, the Complaint's conspiracy allegations are about specific Henkel and Colgate European affiliates that are not named as defendants in this case.  As discussed in the opening brief, and under established principles of corporate law, the named Colgate and Henkel entities cannot be liable for the alleged actions of their unnamed foreign affiliates.  Plaintiffs ignore, and therefore concede, this dispositive defense.

*Finally*, Plaintiffs' state law claims fail under *Twombly* pleading requirements and because Pennsylvania and Idaho law expressly do not permit private antitrust damages actions.

## ARGUMENT

**I.     PLAINTIFFS' FEDERAL ANTITRUST CLAIM FAILS UNDER *TWOMBLY*.**

Plaintiffs' Opposition Brief makes new factual allegations not found in the Complaint regarding European conspiracies and price increases in the United States. It is, of course, improper for Plaintiffs to rely on these new "facts" in response to Defendants' Rule 12(b)(6) motion. *See 420 E. Ohio Ltd. P'ship v. Cocose,* 980 F.2d 1122, 1125 (7th Cir. 1992). Notwithstanding that impropriety, Colgate and Henkel urge the Court to treat the new allegations as amendments to the Complaint because they do nothing to fix the Complaint's fundamental failure: it still makes only conclusory claims of a U.S. "conspiracy" while being devoid of facts to support such a claim. As before, there are no specific factual allegations about how U.S. entities (including the named U.S. defendants) or U.S. individuals implemented the alleged conspiracy, which U.S. brands were involved, how long the alleged agreements lasted, which U.S. customers were affected, or how the alleged conduct in Europe on European products was directed at or affected U.S. prices.[1]

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), the Supreme Court established "what a plaintiff must plead in order to state a claim under §1 of the Sherman Act." Under *Twombly*, antitrust claims, like those here, must be dismissed when they are not described "in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" *and* do not include allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health*

---

[1]   Plaintiffs have effectively tried to amend the Complaint through their Opposition brief but even with these new "facts" they still fail to state a claim. Therefore, any amendment would be futile and dismissal of the Complaint with prejudice is warranted. *See U.S. ex rel. Fowler v. Caremark RX, LLC,* 496 F.3d 730, 740 (7th Cir. 2007).

2

*Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly)*; *Lyttle v. Killackey,* 528 F. Supp. 2d 818, 823-24 (N.D. Ill. 2007) (citing *Twombly*). Plaintiffs' conclusory allegations are precisely the type that warrant dismissal. *See Twombly,* 127 S. Ct. at 1965-66.

Plaintiffs argue their allegations about European conspiracies are sufficiently specific. That is a sleight of hand, and serves only to highlight the fatal lack of allegations about U.S. conduct. Allegations of foreign conduct not linked to harm in U.S. markets and conclusory allegations of a global conspiracy fail, without more, to state a claim. *See, e.g., Elevator*, 502 F.3d at 49. Despite Plaintiffs' strained attempts to distinguish their allegations from those in *Elevator,* the truth is they are precisely the same as those the Second Circuit found lacking in *Elevator*. *Id.* at 49. As in *Elevator*, Plaintiffs here claim that European conduct, which was subject to investigations and enforcement actions by European antitrust authorities, renders U.S. conspiracy claims plausible because the alleged European misconduct reflects the existence of a "global conspiracy." *See id.* at 51. Yet even with allegations of U.S. price increases, however, Plaintiffs here, like those in *Elevator*, do not allege "facts ***linking*** transactions in Europe to transactions and effects here." *Id.* at 52 (emphasis added). As the Second Circuit concluded, "[a]llegations of anticompetitive wrongdoing in Europe – absent any evidence of ***linkage*** between such foreign conduct and conduct here – is merely to suggest . . . that 'if it happened there, it could have happened here,'" which is far short of what is required to state a claim and "nudge [their] claims across the line from conceivable to plausible." *Id.* at 52. (emphasis added) (quoting *Twombly)*.

Similarly, simply asserting U.S. prices have increased adds no support because there is nothing to link those alleged U.S. price increases -- which can be (and were) caused by a myriad

3

of legitimate market forces -- to illegal conduct here or overseas.[2]  Plaintiffs' allegation that Henkel raised prices in the "Laundry & Home Care business sector" in North America, along with new factual allegations in their Opposition relating to U.S. prices, ***do not*** provide such linkage.  As discussed in greater detail in Colgate and Henkel's opening brief, the "Laundry & Home Care business sector" was not at issue in the German proceedings.  To assert, as Plaintiffs have, that foreign proceedings involving different products can provide the factual basis for a U.S. antitrust case because of U.S. price increases in those products, is absurd on its face.

To satisfy Rule 8(a)(2), Plaintiffs' "plain statement" must include allegations "plausibly suggesting (not merely consistent with) [illegal] agreement."  *Twombly,* 127 S. Ct. at 1959 (citation omitted).  The factually-neutral allegation of price increases by one or more of the Defendants is "just as much in line with a wide swath of rational and competitive business strategy" and is even less suggestive of an illegal agreement than the allegations of parallel conduct found to be insufficient in *Twombly*.  *Id.* at 1964-66.  Allegations of U.S. price increases, with no setting or circumstances suggesting a meeting of the minds or an agreement with other competitors relating to U.S. products or U.S. markets, "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'"  *Id*.

Plaintiffs note, not surprisingly, that many complaints have survived post-*Twombly*.  (Opp. 14).  That undisputable observation, however, misses the point.  *Twombly* requires dismissal when a complaint, like the complaint here, lacks the required level of specificity and plausibility --  the "who, what, when, where or why" of a conspiracy.  The fact that other post-*Twombly* complaints may have reflected that specificity and plausibility is a given.  None of the

---

[2]  Plaintiffs seem to have abandoned any pretense that allegedly higher prices in Germany caused higher prices in the United States.

complaints in the cases cited by Plaintiffs rest their claim of conspiracy entirely on overseas investigations.

In sum, Plaintiffs' Complaint does not state a plausible claim under *Twombly* -- even with the new "facts" alleged in the Opposition. Without such allegations, the Complaint's federal claims must be dismissed for the reasons set forth above and in Unilever's and Sara Lee's Memoranda.

## II. PLAINTIFFS' CLAIMS FAIL AS A MATTER OF CORPORATE LAW.

Colgate and Henkel are not liable for the actions of their European affiliates. *See U.S. v. Bestfoods,* 524 U.S. 51, 61 (1998) (a parent corporation is an autonomous entity and is not liable for the acts of its subsidiaries); *DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913, 925 (N.D. Ill. 2003) (companies cannot be held liable for actions of affiliated companies).

Here, the only *facts* in the Complaint relate to alleged illegal actions in Europe involving European companies that are not defendants in this action-- Colgate Palmolive GmbH, Henkel Wasch-und Reinigungsmittel GmbH, and Schwarzkopf & Henkel GmbH. A complaint based solely on assertions against one set of companies cannot state a claim against other companies. *See, e.g., United Nat. Records, Inc. v. MCA, Inc.,* 616 F. Supp. 1429, 1430 (N.D. Ill. 1985) (dismissing antitrust complaint because corporate parent was not liable for alleged antitrust violations of its subsidiary). Therefore, the Complaint against Colgate and Henkel must be dismissed.

This dispositive flaw in Plaintiffs' case was fully addressed in Colgate and Henkel's opening brief. Plaintiffs, however, ignored this issue in their Opposition. (For example, they do not make a piercing the corporate veil argument.) This defense is therefore effectively conceded. *See, e.g., Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("[B]y failing to respond responsively to the motion to dismiss . . . [plaintiff] forfeited her right to

5

continue litigating her claim."); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (citations omitted).

### III. PLAINTIFFS' STATE LAW CLAIMS FAIL UNDER *TWOMBLY*.

As set forth in Colgate and Henkel's opening brief -- and also ignored by Plaintiffs in their Opposition -- Plaintiffs' state law claims also fail under *Twombly*. *See, e.g., Christensen v. County of Boone, IL,* 483 F. 3d 454, 465-66 (7th Cir. 2007) (confirming that federal pleading requirements apply to 12(b)(6) motion to dismiss state law claims). Because the state law claims are based on the same allegations of European conspiracies lacking any linkage to alleged U.S. effects, they should be dismissed for the same reasons the federal claims should be dismissed.

Plaintiffs' common law unjust enrichment claims should also be dismissed under *Twombly*. Plaintiffs fail to plead these claims in a manner sufficient to put Defendants' on "notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). As with their federal antitrust claims (which are based on identical allegations) there is no cognizable allegation that Defendants engaged in any conduct that affected prices or markets in any U.S. state. And without such a plausible basis for a claim of harm, Plaintiffs necessarily fail to allege that Defendants have *wrongfully* obtained or retained any benefits from Plaintiffs, which is a key element of any unjust enrichment claim. *See, e.g.,* Modern Law of Contracts § 16:4 (Howard O. Hunter ed., March 2008); *Firemen's Annuity & Ben. Fund of Chicago v. Municipal Employees', Officers', & Officials' Annuity & Ben. Fund of Chicago,* 579 N.E.2d 1003, (Ill. App. 1991). Moreover,

Plaintiffs' Count IV fails in addition because it does not specify which state or states' common law is at issue.

## IV. PLAINTIFFS' PENNSYLVANIA AND IDAHO CLAIMS FAIL BECAUSE THEY ARE NOT RECOGNIZED BY THOSE STATES.

Finally, Plaintiffs' purported claims under Pennsylvania and Idaho law fail because those states do not recognize such claims.

There is no "Pennsylvania common law" right to recover damages for antitrust violations. *See XF Enters. v. BASF Corp.,* 47 Pa. D. & C.4th 147, 150-151 (Pa. Com. Pl. 2000) ("No court to date has held that a private remedy is available for damages under Pennsylvania's common law on antitrust violations."); *see also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 516 F. Supp. 2d 1072, 1099-1100 (N.D. Cal. 2007) (finding that there is no action for antitrust damages under Pennsylvania law); *In re Static Random Access Memory (SRAM) Antitrust Litig.,* 2008 WL 426522 at *8 (N.D. Cal. Feb. 14, 2008) (finding that "Pennsylvania does not have an antitrust statute and its law does not allow for recovery of damages for antitrust violations"). While courts have refused to enforce agreements in restraint of trade under Pennsylvania common law, no court has allowed claims for private damages based on such agreements to go forward.

The cases cited by Plaintiffs do not support recovery of damages. In *Alvord-Polk, Inc. v. F. Schumacher & Co.,* 37 F.3d 996, 1014 (3d Cir. 1994), the Third Circuit found that plaintiffs' allegations of violations of Pennsylvania antitrust law rose and fell with the federal antitrust claims without addressing whether plaintiffs could recover damages under the state claims. Plaintiffs read *Collins v. Main Line Board of Realtors,* 304 A.2d 493, (Pa. 1973), to leave open the possibility a damages action. However, the *Collins* court decision reaches no such conclusion; rather, it concluded that "[t]he record . . . does not provide any *legal* basis for an

7

award of damages." *Id.* at 498 (emphasis added).  Thus, plaintiffs in that case lacked a legal, not evidentiary, basis for their claims.  *See id.; see also In re SRAM Antitrust Litig.,* 2008 WL 426522 at *8 (N.D. Cal. Feb. 14, 2008).

Plaintiffs' purported claim under Idaho's Consumer Protection Act similarly fails because price-fixing claims are not actionable under that law.  *See State ex rel. Wasden v. Daicel Chem. Indus., Ltd.,* 141 Idaho 102, 108-09 (2005); *In re DRAM Antitrust Litig.,* 516 F. Supp. 2d 1072, 1110-11 (N.D. Cal. 2007) (concluding that price fixing is not actionable under the Idaho Consumer Protection Act).  The *Wasden* court explicitly found that Idaho Code § 48-603's exhaustive list of conduct that constitutes unfair methods of competition does not include price fixing.  *Wasden,* 141 Idaho at 108.  The *Wasden* court also found that that price-fixing claims by indirect purchasers are not allowed under Idaho Code § 48-603C(2), which prohibits conduct that is directed at the consumer and is designed to exploit a weakness or disadvantage.  *See id.* at 109; *see also In re SRAM Antitrust Litig.,* 2008 WL 426522 at *8 (N.D. Cal. Feb. 14, 2008) (finding that indirect purchasers may not bring suit under Idaho's Consumer Protection Act).  Similarly, here, Plaintiffs have not alleged how Defendants' alleged conduct is "directed at the consumer in Idaho or is designed to exploit a weakness or disadvantage;" thus, the claim under Idaho law should be dismissed.

**CONCLUSION**

*Twombly* requires Plaintiffs to provide plausible factual allegations to support federal and state antitrust claims. *Elevator* (and the other cases cited by Defendants) established that foreign antitrust investigations and foreign enforcement actions, like those alleged here, do not provide the required support for a U.S. complaint.

For the foregoing reasons and for the additional reasons discussed in Defendants' opening briefs and in the Reply briefs filed by Unilever United States and Sara Lee Corp., Henkel and Colgate respectfully request that Plaintiffs' Complaint be dismissed in its entirety with prejudice.

Dated:  July 14, 2008                                                  Respectfully submitted,


David I. Gelfand                                                       /s/ *John W. Treece*_____
Steven J. Kaiser                                                       *(signed with permission)*
CLEARY GOTTLIEB STEEN & HAMILTON LLP                                   John W. Treece
2000 Pennsylvania Avenue                                               Richard D. Raskin
Washington, DC 20006                                                   SIDLEY AUSTIN LLP
T:  (202) 974-1500                                                     One South Dearborn
F:  (202) 974-1999                                                     Chicago, IL 60603
                                                                       T:  (312) 853-7000
*Attorneys for Defendant Henkel Corporation*                           F:  (312) 853-7036

Mark L. Kovner
Marimichael O. Skubel
Micah N. Hildenbrand                                                   __/s/ *David K. Callahan*_____
Samantha A. Gingold                                                    David K. Callahan, P.C.
KIRKLAND & ELLIS LLP                                                   KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW                                               200 East Randolph Drive
Washington, DC 20005                                                   Chicago, Illinois 60601
T:  (202) 879-5000                                                     T:  (312) 861-2000
F:  (202) 879-5200                                                     F:  (312) 861-2200 (fax)

*Attorneys for Defendant Colgate-Palmolive Company*

**CERTIFICATE OF SERVICE**

I, David K. Callahan, an attorney, hereby certify that on July 14, 2008, I caused a true and correct copy of the foregoing **JOINT REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS COLGATE-PALMOLIVE COMPANY AND HENKEL CORP.** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                     */s/ David K. Callahan*
                                                                                      David K. Callahan, P.C.
                                                                                      KIRKLAND & ELLIS LLP
                                                                                      200 East Randolph Drive
                                                                                      Chicago, Illinois 60601
                                                                                      T: (312) 861-2000
                                                                                      F: (312) 861-2200