**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COMMERCIAL STREET EXPRESS LLC, NICOLE VANDER MUELEN, SHASTA BURZYNSKI, and KATHLEEN COULLARD on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 C 1179 |
| SARA LEE CORPORATION, COLGATE-PALMOLIVE COMPANY, HENKEL CHEMIE VERWALTUNGSGESELLSCHAFT MBH, HENKEL CORP., UNILEVER N.V., UNILEVER PLC, and UNILEVER UNITED STATES INC., | ) ) ) ) ) ) ) | Honorable Virginia M. Kendall |
| Defendants. | ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF
SARA LEE CORPORATION'S MOTION TO DISMISS**

Craig C. Martin
John F. Kinney
Eric A. Sacks
Sarah E. Crane
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
(312) 222-9350

Dated:   July 14, 2008

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ............................................................................................... i

I.   The Amended Complaint Does Not Comply With Rule 8(a)..........................................2

II.  There is No Subject Matter Jurisdiction Under Rule 12(b)(1). .....................................2

III. The Amended Complaint Fails to State a Claim Under Rule 12(b)(6)...........................6

    A.  The Amended Complaint Fails to State a Federal Antitrust Claim. ......................6

        1.  Plaintiffs Fail to Plead a Conspiracy.........................................................6

        2.  Plaintiffs Fail to Plead a Plausible Relevant Market. ...............................11

        3.  Plaintiffs Fail to Plead a Plausible Theory of Recovery. ..........................11

    B.  Plaintiffs' State Law Claims Must Also be Dismissed......................................12

CONCLUSION.............................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re ACR Copper Tubing Litigation*,
    No. 06-2207-D/P, slip op (W.D. Tenn. July 26, 2007)............................................................10

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*,
    499 F.3d 663 (7th Cir. 2007) ....................................................................................................6

*American Copper & Brass, Inc., v. Halcor S.A.*,
    494 F. Supp. 2d 873 (W.D. Tenn. 2007)..................................................................................10

*Bell Atlantic Corp. v. Twombly*,
    ___ U.S. ___, 127 S. Ct. 1955 (2007)......................................................................................4

*Boyer v. Channel 13, Inc.*,
    No. 04 Civ. 2137 (JSR)(FM), 2005 WL 2249782 (S.D.N.Y. Mar. 9, 2005) ..........................11

*Car Carriers, Inc. v. Ford Motor Co.*,
    745 F.2d 1101 (7th Cir. 1984) ..................................................................................................1

*Chapman v. New York State Division for Youth*,
    No. 1:04-CV-867, 2005 WL 2407548 (N.D.N.Y. Sept. 29, 2005)..........................................11

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983)...................................................................................................................14

*Cupp v. Alberto-Culver USA, Inc.*,
    310 F. Supp. 2d 963 (W.D. Tenn. 2004)..................................................................................11

*E. & G. Gabriel v. Gabriel Brothers, Inc.*,
    No. 93 CIV. 0894 (PKL), 1994 WL 369147 (S.D.N.Y. July 13, 1994) ..................................11

*In re Elevator Antitrust Litigation*,
    502 F.3d 47 (2d Cir. 2007)..................................................................................................9, 10

*Erickson v. Pardus*,
    ___ U.S. ____, 127 S. Ct. 2197 (2007)......................................................................................6

*Eurim-Pharm GmbH v. Pfizer Inc.*,
    593 F. Supp. 1102 (S.D.N.Y. 1984).....................................................................................4, 5

*In re Graphics Processing Units Antitrust Litigation*,
    527 F. Supp. 2d 1011 (N.D. Cal. 2007) ....................................................................................8

*Hall v. United Air Lines, Inc.*,
 296 F. Supp. 2d 652 (E.D.N.C. 2003), *aff'd per curiam, Hall v. Am. Airlines, Inc.*,
 118 Fed. Appx. 680 (4th Cir. 2004)......................................................................................10

*Hyland v. Homeservices of America, Inc.*,
 No. 3:05-CV-612-R, 2007 WL 2407233 (W.D. Ky. Aug. 17, 2007) ......................................8

*In re Hypodermic Products Antitrust Litigation*,
 No. 05-CV-1602 (JLL/CC), 2007 WL 1959224 (D.N.J. June 29, 2007) ................................8

*Kendall v. Visa U.S.A., Inc.*,
 518 F.3d 1042 (9th Cir. 2008) ..............................................................................................11

*Killingsworth v. HSBC Bank Nevada, N.A.*,
 507 F.3d 614 (7th Cir. 2007) ..................................................................................................6

*Kuhl v. Guitar Center Stores, Inc.*,
 No. 07 C 214, 2008 WL 656049 (N.D. Ill. Mar. 5, 2008) ....................................................13

*Landmann v. Bann-Cor*,
 No. 01-CV-00417-DRH, 2004 WL 1944789 (S.D. Ill. Feb. 26, 2004) ............................13, 14

*In re Late Fee and Over-Limit Fee Litigation*,
 528 F. Supp. 2d 953 (N.D. Cal. 2007) ....................................................................................8

*Limestone Development Corp. v. Village of Lemont*,
 520 F.3d 797 (7th Cir. 2008) ........................................................................2, 7, 8, 10, 14

*Mid-West Paper Products Co. v. Continental Group, Inc.*,
 596 F.2d 573 (3d Cir. 1979)...................................................................................................11

*In re New Motor Vehicles Canadian Export Antitrust Litigation*,
 522 F.3d 6 (1st Cir. 2008) ......................................................................................................11

*Ortiz v. Fireboard Corp.*,
 527 U.S. 815 (1999)...............................................................................................................13

*In re OSB Antitrust Litigation*,
 No. 06-826, 2007 WL 2253419 (E.D. Pa. Aug. 3, 2007) ........................................................8

*Payton v. County of Kane*,
 308 F.3d 673 (7th Cir. 2002) ...........................................................................................13, 14

*Perkins v. Silverstein*,
 939 F.2d 463 (7th Cir. 1991) ...................................................................................................1

*Person v. Google, Inc.*,
 No. C 06-7297 JF (RS), 2007 WL 832941 (N.D. Cal. Mar. 16, 2007) ..................................11

*Portis v. City of Chicago,*
    347 F. Supp. 2d 573 (N.D. Ill. 2004) ..................................................................14

*Prado-Steidman v. Bush,*
    221 F.3d 1266 (11th Cir. 2000) ........................................................................14

*In re Rubber Chemicals Antitrust Litigation,*
    504 F. Supp. 2d 777 (N.D. Cal. 2007) ................................................................8

*Schultz v. American Family Mut. Ins. Co.,*
    No. 04 C 5512, 2005 WL 5909003 (N.D. Ill. Nov. 1, 2005)................................12

*Sheridan v. Marathon Petroleum Co. LLC,*
    No. 07-3543, ___ F.3d ___, 2008 WL 2486581 (7th Cir. June 23, 2008)................7, 9, 10, 11

*In re Static Random Access Memory (SRAM) Antitrust Litigation,*
    No. M:07-cv-01819 CW, 2008 WL 426522 (N.D. Cal. Feb. 14, 2008)....................8

*Temple v. Circuit City Stores, Inc.,*
    Nos. 06 CV 5303(JG), 06 CV 5304(JG), 2007 WL 2790154
    (E.D.N.Y. Sept. 25, 2007) ..............................................................................13

*In re Terazosin Hydrochloride Antitrust Litigation,*
    160 F. Supp. 2d 1365 (S.D. Fla. 2001) ..............................................................13

*In re Travel Agent Commission Antitrust Litigation,*
    No. 1:03 CV 30000, 2007 WL 3171675 (N.D. Ohio Oct. 29, 2007).....................10

*Turicentro, S.A. v. American Airlines Inc.,*
    303 F.3d 293 (3d Cir. 2002)..............................................................................3

## OTHER AUTHORITIES

Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 1421a, at 146 (3d ed. 2008) ..............10

Rule 8(a)(1)..........................................................................................................2

Rule 8(a)(2)..........................................................................................................2

Rule 12(b)(1)......................................................................................................1, 2, 5

Rule 12(b)(6)......................................................................................................1, 6

Sara Lee Corporation and the other Defendants showed in their initial dismissal papers that Plaintiffs' Amended Complaint was fundamentally flawed because it did not contain *factual allegations* sufficient to support its core theory: that three distinct conspiracies covering three narrow product types (toothpaste, dish detergent, and shower gel) sold only in Germany justified an inferential "leap across the ocean" to establish liability in the United States for a single, overarching conspiracy as to a vast array of oral, personal and home care products.

Implicitly conceding that those dismissal papers were correct, Plaintiffs have attempted to amend their Amended Complaint. Plaintiffs recast their core conspiracy claim, now asserting that there is a single "global conspiracy" that "has already been exposed in Germany, France and England." (Resp. at 11.) And, somewhat inconsistently, they also assert that there was "a price fixing agreement made in Europe [that] covered the sale of Defendants' products in the United States. . ." (Resp. at 17.) Neither of those theories was articulated in the Amended Complaint. And, Plaintiffs attempt to bolster those new theories with new factual assertions.[1] All those new assertions are an improper attempt to amend the Amended Complaint. A complaint "may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Regardless, as demonstrated below, Plaintiffs' fundamental problems remain and neither the old allegations nor the new assertions are sufficient to satisfy Rules 8(a), 12(b)(1), and 12(b)(6), confirming that the Amended Complaint should be dismissed with prejudice.[2]

---

[1] Ex. A, attached, is a chart listing assertions in the Response that are not contained in the Amended Complaint.
[2] *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991) (district court may deny leave to amend if a proposed amendment could not survive a motion to dismiss).

## I.     The Amended Complaint Does Not Comply With Rule 8(a).

Sara Lee Corporation showed that the conclusory allegations on which the Amended Complaint depended failed Rules 8(a)(1) and 8(a)(2).  (Op. Mem. at 2-4.)  In particular, Sara Lee Corporation showed that the level of detail required to state a claim depends on the complexity of the case, as specified in *Limestone Development Corp. v. Village of Lemont*, 520 F.3d 797, 803-04 (7th Cir. 2008).   The Amended Complaint's allegations do not comply with the requirements of *Limestone*, for several reasons.   The Amended Complaint severely lacks the "who, what, when, and where" details required both to establish subject matter jurisdiction and then state a claim under Rules 8(a)(1) and 8(a)(2).   And, Plaintiffs did not allege any actual wrongdoing by Sara Lee Corporation, improperly seeking to hold Sara Lee Corporation responsible based solely on acts of its German affiliate.   Plaintiffs compound their errors by lumping Defendants together.  (Op. Mem. at 3-6.)

Plaintiffs' Response does not meet any of those arguments.  It does not:  (a) mention Rule 8(a)(1) or 8(a)(2); (b) distinguish or even discuss *Limestone*; (c) provide any detail about what supposedly happened in the United States; (d) explain how Sara Lee Corporation can be sued for acts of its German affiliate in Europe; and (e) it continues to lump together the Defendants, failing to explain how each played a role in a purported single broad, conspiracy.   In the end, Sara Lee Corporation is improperly left guessing as to which products it allegedly sold at inflated prices in the United States and how it supposedly came to price its United States products illegally.   Accordingly, because the Plaintiffs have ignored the requirements of Rule 8(a), the Amended Complaint must be dismissed.

## II.     There is No Subject Matter Jurisdiction Under Rule 12(b)(1).

Sara Lee Corporation showed that Plaintiffs had not alleged facts sufficient to establish subject matter jurisdiction.  To recover in the United States for foreign conduct, a plaintiff must

allege *facts* that show that the foreign conduct was "meant to produce and did in fact produce some substantial effect in the United States." *Turicentro, S.A. v. American Airlines Inc.*, 303 F.3d 293, 305 (3d Cir. 2002) (citation omitted).

Here, the Amended Complaint fails to allege any facts that show foreign conduct was "intended to have -- and did have -- a direct and substantial effect on United States commerce." (Op. Mem. at 7.)   Plaintiffs argue that this request for facts is a "red herring because it relies on a misreading of the Plaintiffs' complaint."  (Resp. at 16.)  Plaintiffs say that they challenge not the "foreign effects" but the "domestic effects" of the foreign conspiracy that they assert.

Plaintiffs entirely miss the point.  Sara Lee Corporation is not quibbling over whether Plaintiffs have made the correct -- "foreign" vs. "domestic" -- conclusory allegation.  What matters is that the Amended Complaint does not contain sufficient factual allegations to support Plaintiffs' asserted conclusions.  This is not a new point.  Sara Lee Corporation repeatedly argued that: "Plaintiffs are asking the Court to sustain a complaint that is totally bereft of an *factual support*"; "Plaintiffs do not allege any *facts*"; "there are no *factual allegations* that any Defendant agreed . . . to restrict competition in the United States"; "there are no *factual* allegations that there was any actual effect on U.S. commerce. . ."  (Op. Mem. at 1, 7.)  Indeed, Plaintiffs have not alleged sufficient facts concerning the United States as to Sara Lee Corporation, the other Defendants or the necessary "causation" to state a claim.

***Sara Lee Corporation.***  Plaintiffs have failed to make sufficient factual allegations to support subject matter jurisdiction over Sara Lee Corporation.  The Amended Complaint alleges only that SL Deutschland (an affiliate of Sara Lee Corporation that only does business in Germany) participated in an agreement for a one-time price increase for one brand of shower gel (Duschdas) sold in *Germany*.   The Response adds allegations that another affiliate, Sara Lee

International, manages household and bodycare products from the Netherlands and that an unspecified "Sara Lee" was raided by Dutch officials. (Resp. at 3, 7.) Plaintiffs do not connect either of those assertions to factual allegations about the United States. Indeed, Plaintiffs' papers lack any specific allegations about Sara Lee Corporation and its products.

*Other Defendants.* Plaintiffs also have made only isolated and conclusory allegations about the "Defendants" collectively. Nevertheless, the Response asserts that the following conclusory allegation, without more, suffices to establish jurisdiction: "plaintiffs specifically allege that the Defendants agreed to fix prices in the United States" and that "the price fixing agreement caused damages in the United States to American consumers." (Resp. at 18 (citing Am. Compl. ¶ 35, 37).) But such conclusory allegations are not supported by any factual allegations about the United States, such as who, what, when, where, how, which products, at what prices, sellers, purchasers, or injuries. Under *Eurim-Pharm GmbH v. Pfizer Inc.*, 593 F. Supp. 1102, 1106-07 (S.D.N.Y. 1984), and *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965-66 (2007), those allegations are insufficient as a matter of law.

*Causation.* In addition to not providing any details concerning the U.S. portion of the asserted conspiracy, Plaintiffs also have failed to allege sufficient facts to establish a link between European conduct and the U.S. market. The Opening Memorandum established that Plaintiffs' theory for leaping from exclusively European conduct to liability in the United States --that Defendants sought to profit in the United States --is insufficient as a matter of law. (Op. Mem. at 7.) Plaintiffs ignore this argument and apparently now have a different, or second, theory.

Plaintiffs now seem to argue that there was a direct agreement to affect prices in the United States. (Resp. at 17.) But that is only asserted as a conclusion in the Response. It is not

supported by factual allegations.  To establish jurisdiction, a plaintiff must allege facts showing a causal connection between the defendants' conduct in Europe and a price increase in the United States.  *Eurim-Pharm GmbH v. Pfizer Inc.*, 593 F. Supp. 1102, 1104, 1106-07 (S.D.N.Y. 1984).  For example, in *Eurim-Pharm*, the plaintiffs asserted that the defendants' "worldwide price-fixing and market allocation conspiracy had the direct, substantial and reasonably foreseeable effect of artificially inflating the price of [a drug] in the United States."  *Id.* at 1106.  The *Eurim-Pharm* court held:  "Even assuming the truth of plaintiff's allegations that the United States price of [the drug] has risen . . .  plaintiff *has failed to allege any facts demonstrating a causal connection* between defendants' conduct in Europe and the price increase in the United States."  *Id.* at 1106-07 (emphasis added).

Plaintiffs attempt to distinguish *Eurim-Pharm,* arguing that, in *Eurim-Pharm*, there was "no allegation how the agreement for Europe affected the United States." (Resp. at 18.)  That assertion is incorrect.  The plaintiff there did make a conclusory assertion about effects in the United States.  *Eurim-Pharm*, 593 F. Supp. at 1106.  Regardless, Plaintiffs miss the point.  *Eurim-Pharm* makes clear that there must be "facts demonstrating a causal connection" and that, accordingly, conclusory allegations about effects in the United States from European conduct do not suffice to establish United States jurisdiction.  Here, as in *Eurim-Pharm*, Plaintiffs have asserted only conclusions about effects in the United States and have failed to allege facts demonstrating the nexus between Defendants' alleged misconduct in Germany (or Europe) and price increases for specific products purchased in the United States.[3]  Accordingly, as in *Eurim-Pharm,* the Amended Complaint should be dismissed under Rule 12(b)(1).

---

[3] The Response improperly includes allegations about the prices of general product categories, most of which include data from manufacturers other than Defendants.  As in *Eurim-Pharm,* Plaintiffs do not allege any factual nexus between those prices and conduct in Europe.  Also, unlike in *Eurim-Pharm*

### III.    The Amended Complaint Fails to State a Claim Under Rule 12(b)(6).

### A.    The Amended Complaint Fails to State a Federal Antitrust Claim.

Sara Lee Corporation's Opening Memorandum demonstrated that the Amended Complaint fails to state an antitrust claim under the United States antitrust laws because Plaintiffs have not properly alleged (1) a "contract, combination, or conspiracy"; (2) an antitrust injury in a plausible market; and (3) a plausible theory of recovery.  (Op. Mem. at 8-12.) Plaintiffs either fail to meet -- or flat out ignore -- those arguments.

### 1.    Plaintiffs Fail to Plead a Conspiracy.

Sara Lee Corporation demonstrated that Plaintiffs failed to provide "fair notice" of the defendants' conspiracy said to violate Section 1 of the Sherman Act.  (Op. Mem. at 8-11.)

The Response argues that there is no need for plaintiffs to allege "specifics," citing *Erickson v. Pardus*, ___ U.S. ____, 127 S. Ct. 2197, 2200 (2007); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); and *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  But none of those cases is an antitrust case. *Erickson* was a *pro se* prisoner's rights case.  In *Killingsworth*, a Fair Credit Reporting Act complaint sufficed because it had "enough factual detail."  507 F.3d at 623.  *Airborne Beepers & Video* upheld dismissal of a complaint where plaintiffs failed to heed the trial court's instructions, including, with regard to a RICO claim, the requirement to "avoid generalities and provide sufficient detail for defendant to understand the claim against it by stating the specific factual bases and identifying the alleged pattern of racketeering activity."  499 F.3d at 665.

---

where the product sold in Europe was the same as the product sold in the United States, there are no such allegations here.

As noted above, Plaintiffs ignore *Limestone Development Corp. v. Village of Lemont*, in which the Seventh Circuit affirmed dismissal of RICO claims (which it analogized to antitrust claims) and held that where the costs of discovery are substantial, a plaintiff must provide "a fuller set" of sufficient non-conclusory, factual allegations to avoid dismissal.   520 F.3d 797, 803-04 (7th Cir. 2008).   And in a recent antitrust opinion written by Judge Posner, the Seventh Circuit re-confirmed that antitrust cases require pleading specific facts.   *Sheridan v. Marathon Petroleum Co. LLC*, No. 07-3543, ___ F.3d ___, 2008 WL 2486581, at *5 (7th Cir. June 23, 2008).   There, to claim a tying arrangement violated Section 1 of the Sherman Act, the plaintiff asserted that the defendant had "appreciable economic power" but did not allege sufficient supporting facts.   The court held that plaintiff's "naked assertion" of "appreciable economic power" was an "empty phrase" that could not save the complaint.   *Id.*

Here, as in *Sheridan*, plaintiffs have asserted material conclusions without sufficient supporting facts.   Plaintiffs assert that there was a foreign conspiracy directed at the United States.   (Resp. at 17.)   But, as in *Sheridan*, Plaintiffs have not identified sufficient supporting facts, such as who reached that purported agreement, how the agreement was reached, where, or when.   Nor do they say how the conspiracy was implemented as to any products sold in the United States, including what specific products were affected, how they were priced, and where or by whom those products were purchased.   Indeed, Plaintiffs have not identified a single product sold in the United States that was purportedly over priced due to some conspiracy among the Defendants.

The Response, but not the Amended Complaint, includes statistics about prices for general product categories sold by all manufacturers in the United States, apparently including companies other than Defendants.   Apart from the impropriety of this attempt to amend the

complaint, such data is insufficient to avoid dismissal.  They are not about specific products and are not tied to any alleged misconduct.  Moreover, they do not excuse Plaintiffs from pleading the conspiracy's details.  *See In re Graphics Processing Units Antitrust Litigation*, 527 F. Supp. 2d 1011, 1021-22 (N.D. Cal. 2007) (dismissing complaint that failed to identify employees involved or details of the alleged agreement even though plaintiffs alleged upward pricing trends and pleaded several instances of parallel pricing specific to individual defendants); *In re Late Fee and Over-Limit Fee Litigation*, 528 F. Supp. 2d 953, 961-63 (N.D. Cal. 2007) (dismissing conspiracy complaint that failed to allege specifics even where parallel pricing of late fees was alleged).

Without discussing *Limestone, Sheridan*, and the more than twelve dismissal cases cited in Sara Lee Corporation's brief (*see, e.g.,* Op. Mem. at 8-9 & n.2), Plaintiffs cite district court cases from federal courts not in the Seventh Circuit, each of which involved more relevant factual detail than Plaintiffs allege here.[4]     Plaintiffs' true, but unstated, position is fatal.  They seek to proceed with this United States antitrust case by pleading conclusory allegations about

---

[4] In *In re Hypodermic Products Antitrust Litigation*, No. 05-CV-1602 (JLL/CC), 2007 WL 1959224, at *14 (D.N.J. June 29, 2007), the court noted that "the instant Complaint sets forth allegations of specific anti-competitive agreements" between the defendant and other companies.  In *Hyland v. Homeservices of America, Inc.*, No. 3:05-CV-612-R, 2007 WL 2407233, at *3 (W.D. Ky. Aug. 17, 2007), plaintiffs alleged a conspiracy to fix real estate commissions in the Louisville, Kentucky market and supported their complaint with detailed factual allegations about the United States, including admissions of price fixing in the United States and enforcement actions by the Department of Justice.  In *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *5 (E.D. Pa. Aug. 3, 2007), the plaintiffs "set out in some detail" illegal acts, including specific domestic acts and defendants' specific price-fixing mechanism.  In *In re Rubber Chemicals Antitrust Litigation*, 504 F. Supp. 2d 777, 790 (N.D. Cal. 2007), allowing some, but not all, claims to proceed, the court found that the plaintiffs had alleged "far more than that [Defendant] merely met with competitors - they specifically allege his involvement in agreeing to implement price increases."  And, in *In re Static Random Access Memory (SRAM) Antitrust Litigation*, No. M:07-cv-01819 CW, 2008 WL 426522, at *6 (N.D. Cal. Feb. 14, 2008), the court held that plaintiffs pleaded "sufficient *facts* plausibly to suggest a § 1 price-fixing conspiracy."  (emphasis added).  Despite first holding that a grand-jury investigation is a "non-factor," the court held that plaintiffs sufficiently alleged facts because "[i]n addition to general allegations of a conspiracy, price-fixing and the susceptibility of the SRAM market to such violations, Plaintiffs include in their complaints a number of specific allegations of communications . . . contained in emails, which are quoted in both complaints . . ." *Id.* at *4-6.  No such details are present here.

the United States plus sweeping factual assertions about multiple foreign conspiracies.  The Response asserts that there are multiple European investigations of affiliates of Defendants concerning certain products sold in Europe.  (Resp. at 4-7.)  Plaintiffs leap from those exclusively European allegations to the conclusion that there must be misconduct in the United States.  That is exactly the type of conspiracy piggybacking found to be improper in several cases, including those initially cited by Sara Lee Corporation.  (Op. Mem. at 9-11.)  Indeed, in *In re Elevator Antitrust Litigation*, 502 F.3d 47, 52 (2d Cir. 2007), cited with approval in *Sheridan*, the Second Circuit made clear that a plaintiff must make *factual allegations* that "link" "transactions in Europe to transactions and effects" in the United States.  Otherwise, a plaintiff's "conclusory allegations do not 'nudge [their] claims across the line from conceivable to plausible.'"  *Id.*

Plaintiffs attempt to distinguish *In re Elevator*, arguing that their allegations are "more specific."  That is mistaken.  Plaintiffs' factual allegations concern only European conduct.  Those allegations do not solve the fundamental problem:  Plaintiffs' papers contain only speculative and conclusory allegations about the United States.  Indeed, even Plaintiffs' new allegations, like those in the Amended Complaint, concern European -- and not -- U.S. conduct.  The Response, but not the Amended Complaint, asserts that Sara Lee International manages oral care, personal care and household care products from the Netherlands.  (Resp. at 3.)  And it adds that there was a Dutch raid on the office of Sara Lee International, a Sara Lee Corporation affiliate.  (Resp. at 7.)   Plaintiffs do not allege what products the raid involved or how that raid relates to the United States.  The Response, but not the Amended Complaint, also alleges that Henkel, Colgate, Unilever, and Procter & Gamble were investigated in France concerning

"personal hygiene products." (Resp. at 7, 12.) And, the Response contains allegations that Colgate's toothpaste and Unilever's moisturizer were investigated in England. (Resp. at 7, 12.)

The only allegations that purport to pertain to the United States are generalized allegations that "all manufacturers" increased unspecified soap and detergent prices in the United States and that Colgate increased prices on toothpaste. (Resp. at 8.) Even there, Plaintiffs do not identify specific products or how the price of those products was affected by any specific conduct in Europe.[5] Instead, relying on bare speculation, Plaintiffs assert that this is "Consistent with the German Cartel Office findings. . ." (Resp. at 13.)

In the end, when the conclusory assertions are stripped away, Plaintiffs' papers do not contain any factual allegations "linking transactions in Europe to transactions and effects" in the United States. *In re Elevator,* 502 F.3d at 52. Under Sara Lee Corporation's numerous authorities, none of which has been rebutted, Plaintiffs cannot proceed in the United States based on conclusory assertions and rank speculation that alleged agreements in Europe led to an agreement that affected the United States. *See id.*; *see also In re ACR Copper Tubing Litigation*, No. 06-2207-D/P, slip op at 10-11 (W.D. Tenn. July 26, 2007) (Op. Mem. Exhibit A); *In re Travel Agent Commission Antitrust Litigation*, No. 1:03 CV 30000, 2007 WL 3171675, at *9, 11-12 (N.D. Ohio Oct. 29, 2007); *Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 662-63 (E.D.N.C. 2003), *aff'd per curiam*, *Hall v. Am. Airlines, Inc.*, 118 Fed. Appx. 680, 683 (4th Cir. 2004); Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 1421a, at 146 (3d ed. 2008); *cf. American Copper & Brass, Inc.*, *v. Halcor S.A.*, 494 F. Supp. 2d 873, 876-78 (W.D. Tenn. 2007). Accordingly, under those authorities, *Limestone*, *Sheridan,* and the numerous authorities

---

[5] Plaintiffs improperly and incorrectly lump all defendants together, stating that: "Defendants raised their prices in the United States on products which are the subject of this case during the conspiracy period. . ." (Resp. at 13.) There are absolutely no facts alleged about the price of any Sara Lee Corporation product being raised in the United States.

previously cited (Op. Mem. at 8-9), including *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046-48 (9th Cir. 2008) (cited in *Sheridan*), Plaintiffs' Amended Complaint should be dismissed.

### 2.     Plaintiffs Fail to Plead a Plausible Relevant Market.

Sara Lee Corporation explained that Plaintiffs failed to allege an antitrust injury in a plausible relevant market and that, under *Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 971-72 (W.D. Tenn. 2004), and *Person v. Google, Inc*., No. C 06-7297 JF (RS), 2007 WL 832941, at *4 (N.D. Cal. Mar. 16, 2007), the "oral, personal and home care products" market asserted is too "vague and overbroad," as a matter of law.  (Op. Mem. at 11-12.)  Plaintiffs literally offer no response, failing to explain how their "market" satisfies *Cupp* or *Person*. Plaintiffs' complaint therefore must be dismissed.[6]

### 3.     Plaintiffs Fail to Plead a Plausible Theory of Recovery.

Sara Lee Corporation explained that plaintiffs failed to demonstrate an entitlement to either damages or injunctive relief under the Sherman Act.  (Op. Mem. at 12-13.)  Plaintiffs concede on damages but argue that they are entitled to injunctive relief.  To proceed on a claim for injunctive relief, Plaintiffs must make affirmative factual allegations of continuing conduct. *See Mid-West Paper Products Co. v. Continental Group, Inc.*, 596 F.2d 573, 591 (3d Cir. 1979); *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 522 F.3d 6, 13-16 (1st Cir. 2008).  Plaintiffs argue that those cases do not apply because "No where does the complaint state that the conspiracy to fix United States prices has ended."  (Resp. at 18.)

---

[6] Complaints with implausible markets are commonly dismissed.  *Chapman v. New York State Division for Youth*, No. 1:04-CV-867, 2005 WL 2407548, at *7-8 (N.D.N.Y. Sept. 29, 2005) (dismissing claims based on overly narrow market); *Boyer v. Channel 13, Inc.*, No. 04 Civ. 2137 (JSR)(FM) et al., 2005 WL 2249782, at *8 (S.D.N.Y. Mar. 9, 2005) (dismissing complaint because "tv and film industry" market was too broad and conclusory); *E. & G. Gabriel v. Gabriel Brothers, Inc.*, No. 93 CIV. 0894 (PKL), 1994 WL 369147, at *3 (S.D.N.Y. July 13, 1994) (dismissing complaint where market was not defined by rational parameters and included products that lacked the "commonality that distinguishes one market from another.").

Plaintiffs again miss the point.  They failed to allege any fact demonstrating a "continuing conspiracy" in the United States.  Indeed, the Amended Complaint contains no factual allegations after January 2006 of any conduct anywhere, let alone in the United States.  The Amended Complaint is premised on findings made by the German FCO in February 2008 based entirely on events in 2006 and earlier.  There are no factual allegations in the Amended Complaint showing that conduct continued after the German FCO's actions, especially in the United States.  Accordingly, there is no factual basis for a "continuing conspiracy" and therefore no support for an injunction.

### B.    Plaintiffs' State Law Claims Must Also be Dismissed

Sara Lee Corporation demonstrated that Plaintiffs' state law claims for antitrust and unfair competition (Count II), consumer protection (Count III), and unjust enrichment (Count IV), should be dismissed for four reasons (Op. Mem. at 13-14), none of which is rebutted.

*First*, Plaintiffs' state law claims are governed by same pleading standards as their Sherman Act claim and, therefore, fail for the same reasons.  *Second*, Plaintiffs have not alleged a United States injury that is "traceable" to Sara Lee Corporation.  Plaintiffs do not respond to either of those arguments, conceding them and, as a consequence, the dismissal of their state law claims.

In any event, *third*, Plaintiffs only have alleged purchases by the Named Plaintiffs in Michigan and Wisconsin, meaning that they lack individual standing to sue under any other state law.  At issue is whether Named Plaintiffs may make claims under the laws of other states, as to which the Named Plaintiffs admittedly lack personal standing.  Several courts have found that class action claims made by named plaintiffs who lack individual standing should be dismissed. *See Schultz v. American Family Mut. Ins. Co.*, No. 04 C 5512, 2005 WL 5909003, at *7 (N.D. Ill. Nov. 1, 2005) (dismissing state law claims under state wage and hour laws for states other

than Illinois where named plaintiff Schultz had standing only in Illinois because "[s]tanding to sue, even in class actions, is determined at the time the suit is filed."); *Temple v. Circuit City Stores, Inc.*, Nos. 06 CV 5303(JG), 06 CV 5304(JG), 2007 WL 2790154, at *8 (E.D.N.Y. Sept. 25, 2007) (distinguishing *Ortiz* and dismissing antitrust, consumer protection, and unjust enrichment claims under all states besides Tennessee because named plaintiffs only alleged purchases in Tennessee); *In re Terazosin Hydrochloride Antitrust Litigation*, 160 F. Supp. 2d 1365, 1371-72 (S.D. Fla. 2001) (holding that named plaintiffs could not assert claims under state antitrust laws for which they personally did not have standing and instead sought to "rely on unidentified persons within those states.")   Others cases have held that standing should be resolved later, with class certification.  *See, e.g.*, *Kuhl v. Guitar Center Stores, Inc.*, No. 07 C 214, 2008 WL 656049, at *2-3 (N.D. Ill. Mar. 5, 2008).

Plaintiffs argue that *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 831 (1999), mandates that trial courts determine class certification before they determine standing.  That is mistaken.  *Ortiz* involved a very unique procedural posture in which class certification was evaluated in the context of a global settlement fund involving possible future claims.  *Ortiz* made clear that: "[o]rdinarily, of course, this or any other Article III court must be sure of its own jurisdiction before getting to the merits."  *Id.*  The "unique procedural posture" of *Ortiz*, unlike the "ordinary" case, made class certification "logically antecedent" to Article III concerns.  *See Landmann v. Bann-Cor*, No. 01-CV-00417-DRH, 2004 WL 1944789, at *5 (S.D. Ill. Feb. 26, 2004).  *Ortiz* involved an exception, not the rule.

Plaintiffs also overstate *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002).  That case involved the circumstance where all potential class members would be suing under the same Illinois statute based on actions of Sheriffs for different Illinois counties.  *Id.* at 680-82.  Unlike

13

here, *Payton* did not involve the laws of multiple states. *See Landmann*, 2004 WL 1944789, at *3-4. Here, Named Plaintiffs seek to sue under a variety of state laws under which they individually lack standing to sue. Accordingly, their claims should be dismissed.

Plaintiffs seek to defer consideration of standing until class certification, but offer no justifiable argument for that delay. Sara Lee Corporation submits that the standing issue should be resolved now, before substantial discovery and other costs are incurred. That approach is consistent with the policy the Seventh Circuit set forth in *Limestone,* 520 F.3d at 803-04, discussed above. As noted by the Eleventh Circuit, Plaintiffs' lack of standing must be resolved at some point prior to class certification: "prior to the certification of a class . . . the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steidman v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000). Indeed, as noted by the Supreme Court, a plaintiff must demonstrate "a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citation omitted). Outside of Michigan and Wisconsin, Plaintiffs have made no such showing here.

Moreover, and regardless how standing as to Counts II and IV is addressed, Plaintiffs' consumer protection claims in Count III must be dismissed because the Named Plaintiffs lack individual standing as to that Count. Where named representatives lack individual standing at the outset of the litigation, a class action should be dismissed. *See Portis v. City of Chicago*, 347 F. Supp. 2d 573, 576-79 (N.D. Ill. 2004). Here, the Named Plaintiffs only made purchases in Michigan or Wisconsin. (Am. Compl. ¶ 7-10.) Count III does not allege a violation of either Michigan or Wisconsin law, and there is no allegation that Named Plaintiffs made purchases in

14

any other state.   (Am. Compl. ¶ 65-67.)   Accordingly, because Named Plaintiffs lack all individual standing, Count III must therefore be dismissed.

*Fourth*, the Opening Memorandum demonstrated that Plaintiffs' unjust enrichment claims in Count IV failed because Plaintiffs had not alleged "that they purchased any oral, personal or home care products made or sold by *Sara Lee Corporation* or otherwise conferred a benefit on *Sara Lee Corporation*."  (Op. Mem. at 14 (emphasis added).)  Despite those express concerns, Plaintiffs argue that this argument is "grossly ignoring reality."  (Resp. at 20-21.) They argue that "Plaintiffs conferred a benefit on Defendant by purchasing Defendant's products."  But, they do not specify which products were supposedly purchased, by whom, where, or at what price.  Indeed, Plaintiffs do not allege that they purchased any Sara Lee Corporation product, let alone any Sara Lee Corporation product subject to an improper price increase.  (And that is because Sara Lee Corporation does not sell any such products in the United States.)  Plaintiffs -- and not Sara Lee Corporation -- are the ones "ignoring reality."[7]

## **CONCLUSION**

The Court should dismiss the Amended Complaint with prejudice.

Sara Lee Corporation

By:   ___/s/ Craig C. Martin___
   One of its Attorneys

Craig C. Martin
John F. Kinney
Eric A. Sacks
Sarah E. Crane
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
(312) 222-9350

Dated:  July 14, 2008

---

[7] Remaining state law arguments are misattributed.  Plaintiffs mistakenly state that Sara Lee Corporation made arguments specific to the laws of Pennsylvania and Idaho.  (Resp. at 21-22.)  But those cases are discussed by Henkel and Colgate, not Sara Lee Corporation.

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah Crane, hereby certify that on July 14, 2008, I caused a copy of the foregoing

**REPLY MEMORANDUM IN SUPPORT OF SARA LEE CORPORATION'S MOTION**

**TO DISMISS**  to be filed and served electronically via the court's CM/ECF system.  Notice of

this filing will be sent by e-mail to all parties by operation of the court's electronic filing system

or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing.  Parties may access this filing through the court's CM/ECF System.


By: __s/ Sarah E. Crane_____
     Sarah E. Crane
     JENNER & BLOCK LLP
     330 N. Wabash Ave.
     Chicago, Illinois 60611
     Phone: (312) 222-9350
     Fax: (312) 923-2949
     Email: scrane@jenner.com

Dated:  July 14, 2008