IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMERCIAL STREET EXPRESS LLC, NICOLE VANDER MUELEN, SHASTA BURZYNSKI, and KATHLEEN COULLARD, <br><br> Plaintiff, <br> v. <br><br> SARA LEE CORPORATION, COLGATE-PALMOLIVE COMPANY, HENKEL CHEMIE VERWALTUNGSGESELLSCHAFT MBH, HENKEL CORP., UNILEVER N.V., UNILEVER PLC, and UNILEVER UNITED STATES INC, <br><br> Defendants. | Case No. 08 C 1179 <br><br> Judge Virginia M. Kendall |

### *MEMORANDUM OPINION AND ORDER*

Plaintiffs Commercial Street Express LLC ("Commercial"), Nicole Vander Muelen ("Muelen"), Shasta Burzynski ("Burzynski"), and Kathleen Coullard ("Coullard") (collectively, "Plaintiffs") filed a class action suit against Sara Lee Corporation ("Sara Lee"), Colgate-Palmolive Company ("Colgate"), Henkel Chemie Verwaltungsgesellschaft MBH and Henkel Corp. (collectively, "Henkel"), Unilever N.V., Unilever PLC, and Unilever United States Inc. (collectively, "Unilever") (collectively, "Defendants"). Count I of Plaintiffs' Amended Complaint alleges a violation of Section 1 of the Sherman Anti-Trust Act ("Sherman Act"), 15 U.S.C. § 1, while the remaining three counts allege violations of various state laws. Defendants moved to dismiss Count I of Plaintiffs' Amended Complaint for lack of subject matter jurisdiction.[1] For the

---

[1] Each Defendant filed its own motion to dismiss, except for Colgate and Henkel who submitted a joint motion. Each Defendant raised various arguments in support of its motion to dismiss; however, since this Court finds that it lacks subject matter jurisdiction, it does not address the remaining arguments made by Defendants.

reasons stated, Defendants' Motion to Dismiss Count I of Plaintiffs' Amended Complaint is granted. Moreover, this Court finds that it lacks original jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1332(d)(2) and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## *STATEMENT OF FACTS*

Plaintiffs allege that Defendants entered into a conspiracy to artificially raise prices of oral, personal and home care products in the U.S., and that Plaintiffs paid higher prices for oral, personal and home care products than they would have paid in the absence of Defendants' alleged illegal conduct. Am. Compl. ¶ 32, 35. Plaintiffs allege that Defendants' are global companies that manufacture and sell oral, personal and home care products. Am. Compl. ¶¶ 11-16. On February 20, 2008, the German Federal Cartel Office ("FCO") issued a press release stating that it fined Defendants, for price fixing in Germany and for illegally passing on information on price talks with retailers in an attempt to influence the market behavior of competitors and remove the uncertainty of competitive conditions in Germany. Am. Compl. ¶¶ 25-26. The FCO stated that Defendants, in early 2006, agreed to hike up the price of Pril and Palmolive dish detergents, Fa, Duschdas and Palmolive shower gels and Signal, Dentagard and Colgate toothpaste brands. These products are made by Henkel, Sara Lee, Unilever and Colgate. Am. Compl. ¶ 25. The Defendants' alleged anti-competitive behavior in Germany came to light after Colgate "spilled the beans" to the German competition authorities. Am. Compl. ¶ 26. Plaintiffs allege that a spokesperson for Henkel stated, "We made mistakes. We accept the fine of €21.6." Am. Compl. ¶ 27. Plaintiffs allege that "Defendants' price-fixing conspiracy in Germany dramatically increased the profitability of the Defendants which included the United States market." Am. Compl. ¶ 29. Henkel, in 2006, reported

2

record revenues and profits in its Home Care business of more then €4.1 billion and an operating profit of €449 million, a 3.7% increase compared to 2005. Am. Compl. ¶ 29. Henkel explained the increase in profit by stating,

> Market growth was more price-driven than in previous years because-unlike in 2005-it became possible to pass on raw material cost increases by raising products prices. As a consequence, the decline of the last few years encountered in our largest market, Western Europe, was reversed to product gratifying growth. In North America, too, there was a tangible price-driven upswing in the market dynamics, with a considerable expansion in sales. In North America, the successfully implemented price increases and good performance of our air freshener business contributed to strong growth in organic sales.

Am. Compl. ¶ 29. Plaintiffs claim that the oral, personal and home care products market is large. Am. Compl. ¶ 30. In 2006 Unilever's global sales were €18.297 billion and U.S. sales were more then €3 billion. In 2006 Henkel's U.S. sales were more then €1 billion and Colgate's U.S. sales were €2.211 billion. Am. Compl. ¶ 30. Sara Lee's global sales for the fiscal year ending in 2007 were more then $2 billion. Am. Compl. ¶ 30. Plaintiffs allege that Defendants' conspiracy to fix prices in Germany has: (1) suppressed, restrained and eliminated price competition in the oral, personal and home care industry in the U.S.; (2) raised, fixed, maintained and stabilized the prices of oral, personal and home care products at artificial and non-competitive levels throughout the U.S.; and (3) deprived consumers of free and open competition in the oral, personal and home care products market. Am. Compl. ¶¶ 31, 37.

## *STANDARD OF REVIEW*

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). "If subject matter jurisdiction is . . . not evident on the face of the complaint, the

3

motion to dismiss . . . would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true. However, as here, if the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus*, 322 F.3d at 946; *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) *citing Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). The party asserting jurisdiction must establish it by "competent proof." *U.S. Phosphorus*, 322 F.3d at 946; *NFIC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) *citing McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). This means that jurisdiction must be established by a preponderance of the evidence or "proof to a reasonable probability." *NFIC*, 45 F.3d at 237, *citing Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).

*DISCUSSION*

*I. Count I (The Sherman Act)*

Defendants' move this Court to dismiss Count I of Plaintiffs' Complaint for lack of subject matter jurisdiction. Count I of Plaintiffs' Complaint alleges a violation of the Sherman Act. The Sherman Act provides that "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1. In 1982, the Foreign Trade Antitrust Improvements Act ("FTAIA") amended the Sherman Act, stating:

> The Sherman Act shall not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations unless-
> (1) such conduct has a direct, substantial, and reasonably foreseeable effect-
> (A) on trade or commerce which is not trade or commerce with

> foreign nations, or on import trade or import commerce with foreign nations; or
> (B) on export trade or export commerce with foreign nations, of a person engaged in such trade or commerce in the United States; and
> (2) such effect gives rise to a claim under the provisions of this Act other than this section.

15 U.S.C. §§ 6a (1), (2).[2] The language of the FTAIA lays down a general rule placing all activity involving foreign commerce outside the Sherman Act's reach. It then brings such conduct back within the Sherman Act's reach provided that the conduct both (1) sufficiently affects American commerce, that is, it has a "direct, substantial, and reasonably foreseeable effect" on American domestic commerce, and (2) has an effect of a kind that antitrust law considers harmful, that is, the "effect" must "giv[e] rise to a [Sherman Act] claim." § 6a(1), (2); *F. Hoffmann-La Roche Ltd. et al. v. Empagran S.A. et al.*, 542 U.S. 155, 162 (2004).

The FTAIA intends to make clear to American firms doing business abroad (and to American exporters) that the Sherman Act does not prevent them from entering into a business arrangement, however anticompetitive, as long as those arrangements adversely affect only foreign markets. *F. Hoffmann-La Roche Ltd. et al.*, 542 U.S. at 161. It does so by removing from the Sherman Act's reach commercial activities taking place abroad, unless those activities "meant to produce and did in fact produce some substantial effect in the United States." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 796 (1993).

Here, Plaintiffs have failed to allege any facts demonstrating that the Defendants' foreign conduct "meant to produce and did in fact produce some substantial effect in the United States." *See Id*. In fact, Plaintiffs have not set forth any facts to show that the Defendants alleged antitrust

---

[2]The FTAIA establishes limits on the subject matter jurisdiction of the district courts. *See United Phosphorus, Ltd., v. Angus Chemical Company*, 322 F.3d 942 (7th Cir. 2003) (en banc).

violations in Germany had any effect on the U.S. market. There are no factual allegations in Plaintiffs' Complaint that any Defendant agreed in Germany, or anywhere else, to restrict competition in the United States. Merely stating that the Defendants' are global companies that sell products in the United States is insufficient. Further, simply alleging that there have been price increases on some of Defendants' products in the United States is inadequate. Plaintiffs have failed to allege any facts demonstrating a causal connection between Defendants' conduct in Germany and the alleged price increase in the U.S. *See Eurim-Pharm GmbH. v. Pfizer Inc.*, 593 F.Supp. 1102, 1104-07 (S.D.N.Y. 1984) (finding no subject matter jurisdiction under the Sherman Act where plaintiffs alleged a worldwide conspiracy but did not allege any facts demonstrating a causal connection between defendants' conduct in Europe and a U.S. price increase).

Plaintiffs allege that Defendants entered into "a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix and or stabilize prices of oral, personal and home care products in the United States"; however, Plaintiffs provide no factual allegations to support this conclusory assertion. Am. Compl. ¶ 35. Plaintiffs' Complaint only mentions Defendants' alleged illegal antitrust behavior in Germany and creates no causal connection between the Defendants' German price-fixing conspiracy and the alleged increase in price of Defendants' products in the U.S. The Plaintiffs also allege that the class members affected by the conspiracy are "all persons or entities who acquired in the United States oral, personal and home care products manufactured and or distributed by one or more of the Defendants"; however, Plaintiffs do not show how Defendants' alleged price-fixing conspiracy in Germany caused Plaintiffs to be injured in the U.S. by acquiring Defendants' products in the U.S. and do not set forth any facts in their Complaint to support that Defendants engaged in an anti-competitive conspiracy to effect the price of products

in the U.S. Am. Compl. ¶ 17. *See Empagran S.A. v. Hoffmann-LaRoche, Ltd.*, 417 F.3d 1267, 1270-71 (D.C. Cir. 2005) (finding plaintiffs "must satisfy the FTAIA's requirement that the U.S. effects of the conduct [at issue] give rise to their claims"). Count I of Plaintiffs' Complaint does not allege sufficient facts to demonstrate that Defendants' foreign conduct "meant to produce and did in fact produce some substantial effect in the United States." Therefore, this Court finds that it lacks subject matter jurisdiction over Count I of Plaintiffs' Complaint.

## II. *Jurisdiction under 28 U.S.C. § 1332(d)(2)*

Plaintiffs assert that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In relevant part, under § 1332(d)(2), a district court has original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs and is a class action. 28 U.S.C. § 1332(d)(2). The proponent of federal jurisdiction bears the burden of describing how the controversy exceeds $5 million. *Spivey v. Vertrue Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). This is a pleading requirement. *Id*. Only after the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed $5 million does the case belong in federal court, unless it is legally impossible for the plaintiff to recover that much. *Id*.; *See also Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955 (2007); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Normand v. Orkin Exterminating Co.*, 193 F.3d 908 (7th Cir. 1999); *Gardynski-Leschuck v.Ford Motor Co.*, 14 F.3d 955 (7th Cir. 1998).

Here, not only do Plaintiffs not explain *plausibly* how the amount in controversy exceeds $5 million, they provide no explanation at all. Plaintiffs do not allege any facts upon which this Court can determine that the amount in controversy exceeds $5 million. They simply assert jurisdiction under 28 U.S.C. § 1332(d)(2) which provides for federal jurisdiction if the amount in controversy

exceeds $5 million. This is insufficient to establish federal jurisdiction under 28 U.S.C. § 1332(d)(2). *See Spivey v. Vertrue Inc.*, 528 F.3d 982 (7th Cir. 2008); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (holding that amount in controversy was sufficiently plead where party asserting jurisdiction under § 1332(d)(2) set forth that 3,800 faxes were sent and statute provides up to $500 recovery per fax). Therefore, this Court finds that it does not have original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(d)(2).

### III. *Supplemental jurisdiction 28 U.S.C. § 1367(c)(3)*

Under 28 U.S.C. § 1367(a), district courts are granted supplemental jurisdiction over pendant state law claims; however, if all federal law claims drop out before trial, the district court may dismiss the state law claims. 28 U.S.C. § 1367(c)(3). Because this Court has dismissed all causes of action arising under federal law and does not have original jurisdiction under 28 U.S.C. § 1332(d)(2), it declines to exercise supplemental jurisdiction over Plaintiffs' remaining causes of action arising under state law.

## *CONCLUSION AND ORDER*

Therefore, for the reasons stated, Plaintiffs' Complaint is dismissed for lack of subject matter jurisdiction.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: 12-18-08